JOHN HADEN et al., Appellants, *v.* MICHAEL COLEMAN, Respondent.

Plaintiffs contracted to build certain buildings for defendant. The contract-price was, by the terms of the contract, to be paid in installments, as the work progressed, " provided that, in each of said cases, a certificate shall be obtained and signed " by an architect named. In an action to recover a balance of the last installment, plaintiffs' evidence showed that all of the installments, except the last, and the greater portion of that was paid without requiring the certificate, and without objection or reservation; that the architect had not, in fact, superintended the work, and that several changes had been made in the specifications. Defendant, after the work was finished, expressed himself satisfied and pleased. When the claim for the balance was presented, defendant made no objection that the contract was not performed, but threatened that, unless plaintiffs would give up a claim they had against him, independent of the contract, he would throw the whole matter into the architect's hands. The court dismissed the complaint. *Held,* error; that the evidence was sufficient to justify a finding of a waiver of the condition as to a certificate, and required a submission of that question to the jury; that, if the certificate had been previously waived, it was too late to insist upon it when the balance was demanded, especially for a purpose entirely disconnected with the contract.

*Haden* v. *Coleman* (10 J. & S., 256), reversed.

(Argued April 25, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in

favor of defendant, entered upon an order dismissing the complaint on trial.   (Reported below, 10 J. & S., 256.)

This action was brought to recover a balance alleged to be due under a building contract.

By the contract, plaintiffs contracted to erect three buildings upon defendant's land, according to the plans and specifications, " to the satisfaction and under the direction of the architect, to be testified by a writing or certificate under the hand of the architect."

The further material portions of the contract and the facts are set forth sufficiently in the opinion.

*George W. Van Sicklen,* for appellants.   A waiver was established, and plaintiffs were entitled to judgment. (*Moody* v. *Smith,* 70 N. Y., 598.)

*Joseph H. Choate,* for respondent.   Plaintiffs, in order to recover, were bound to prove that they had obtained the architect's certificate.   (*Smith* v. *Brady,* 17 N. Y., 173; *Schenck* v. *Rowell,* 3 Abb. [N. C.], 42; *Glacius* v. *Black,* 50 N. Y., 148; *Butler* v. *Tucker,* 24 Wend., 447; *Barton* v. *Hermann,* 11 Abb. Pr. [N. S.], 378.)   The plaintiffs failed to establish a waiver.   (*Underwood* v. *F. J. S. Ins. Co.,* 57 N. Y., 500.)

CHURCH, Ch. J.   The only question presented is whether the evidence was sufficient to justify the jury in finding that the defendant had waived the production of the certificate of the architect that the buildings were completely finished. If so it was error to direct a nonsuit, and for the purpose of determining this question the most favorable construction of the evidence, of which it is capable, should be given in favor of the plaintiffs.   The contract-price was $16,500, payable in five installments, at different periods as the work progressed.   The last payment was to be as follows : " $8,000 when the work is completely finished.   And provided that in each of said cases a certificate shall be

obtained and signed by the said William E. Waring, architect, certified to that effect by William E. Waring, architect." Each of the preceding installments had been paid, without requiring the certificate of the architect. The architect had not in fact superintended the work, and several changes had been made in the specifications by the parties. The work was finished on the 5th Nov., 1872, and the defendant afterwards expressed himself as satisfied and pleased with the work. $6,000 of the $8,000 which was payable when the work was completely finished had been paid before the commencement of the action in May, 1873. It does not appear when this sum was paid, but we must presume that it was paid according to the contract after the work was finished. If so it furnishes a significant circumstance from which a waiver might be inferred. When the claim for the balance, $2,000, was presented in February, the defendant asked, "Does this settle up everything?" To which the plaintiff answered, "No, there is that $1,000." The defendant then said, "Oh, if you are going to ask for that $1,000, I will throw the whole thing into Waring's hands." It appears from the evidence that the $1,000 referred to was for money borrowed by the defendant of the plaintiffs, and had no connection with the contract in controversy. Giving the evidence the most favorable construction for the plaintiffs, the claim for the last installment of $8,000 was presented after the work was completed, and the defendant paid $6,000, without objection, and without requiring any certificate, and without reservation. Is it not fairly inferable that he then intended to waive the certificate? If, when that claim was presented, the defendant had said in terms that he waived the certificate, and paid $6,000 upon it, it is clear that it would be too late when the balance was demanded to insist upon the certificate as a condition of payment, unless he could show some fraud or mistake.

It was not shown that there was an express waiver, but the voluntary payment of the larger part of the last installment, none of which was payable except upon the production of the

certificate, was an act, with the other circumstances and course of dealing between the parties from which a waiver might be implied. It was inconsistent with a claim for the certificate. If the defendant had then taken his ground and required the certificate, or had claimed that the work was not completely finished, the plaintiffs might have supplied the defects or procured the certificate, and we cannot say that they were not injured. And when the claim for the balance was presented, the defendant made no objection that the job was not finished and the contract performed, nor did he indicate that he required the certificate for any purpose connected with the completion of the work; but, according to the evidence, he attempted to extort $1,000 from the plaintiffs, and threatened to put the matter in the hands of Waring unless they would consent to it. If he had before waived the certificate it was too late. It is true, that without a waiver the defendant might have refused payment without giving any reason or upon giving an unjust reason. It was his right to insist upon the certificate, and he was not legally bound to pay unless it was produced; but if from his acts it is inferable that he intended to waive it, and intended that the plaintiffs should so understand, and the latter delayed demanding the balance for a considerable period upon the faith of the waiver, it is unjust to permit the defendant to revive the condition, especially for a purpose entirely disconnected with the performance of the contract.

Upon the evidence of the plaintiffs, we think that the jury might have found a waiver. A retrial may develop a very different state of facts; if not, the case should be submitted to the jury with proper instructions.

The judgment must be reversed and a new trial granted.

All concur, except ALLEN and EARL, JJ. dissenting.

Judgment reversed.