DE WITT C. WEEKS et al., Appellants, *v.* WILLIAM McCARTY
LITTLE, Individually and as Executor, etc., Respondent.

Where, by a building contract, damages for delay on the part of the con-
tractor to perform his contract within the time limited were fixed and
liquidated, and the work contracted for could not be completed until
other work to be done by the owner was finished, *held*, that a failure on
the part of the latter to finish his work in season to enable the contractor
to complete his contract within the time specified was a sufficient excuse
for delay, and discharged him from liability for the liquidated damages ;
and this although some work not affected by the delay of the owner was
not completed within the time ; that as the damages were payable upon
a failure of entire completion, which was rendered impossible by the
owner's act, a recovery could not be had for a failure which she made
inevitable.

*Weeks* v. *Little* (15 J. & S. 1), reversed in part.

(Argued June 19, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an order
made December 6, 1880, which affirmed a judgment in favor
of plaintiffs, entered upon the report of a referee. (Reported
below, 15 J. & S. 1.)

This action was brought to recover a balance alleged to be
due under a contract between the plaintiffs and Augusta McC.
Little, defendant's testator, for the performance by the former
of certain work in the construction of a building in the city of
New York.

By the contract the work was to be completed September 1, 1877, and it was stipulated that for each and every day after that time that the work contracted for remained unfinished plaintiffs would pay $20, which was stated to be liquidated damages. The work was not completed December 24, 1877. Defendant set up as a counter-claim and claimed the damages as stipulated. The referee allowed the damages from and after October 1, 1877.

The material facts appear in the opinion.

*Robert W. De Forest* for appellants. Where, after the making of a building contract, additions to the original specifications are made at the request of the owner, increasing the labor and requiring additional time, the time limited for the completion of the work will be deemed to have been extended by mutual agreement of the parties, if an extension is necessary for the protection of the contractor. (*Smith* v. *Gugerty,* 4 Barb. 614; *Stewart* v. *Keteltas,* 36 N. Y. 388; *Allamon* v. *Mayor, etc., of Albany,* 43 Barb. 33; *Green* v. *Haines,* 1 Hilt. 254; *Foley* v. *Gough,* 4 E. D. Smith, 724; *Van Buskirk* v. *Stow,* 42 Barb. 9; *Gallagher* v. *Nichols,* 60 N. Y. 438; *Farnham* v. *Ross,* 2 Hall, 167; *Doyle* v. *Halpine,* 1 J. & S. 352.) Little having prevented the completion of the building by failing to complete those parts of the work undertaken by himself, cannot claim liquidated damages. (*Stewart* v. *Keteltas,* 36 N. Y. 388.) He is estopped by his acts from claiming damages. (*Hechman* v. *Pinkney,* 81 N. Y. 214; *Smith* v. *Gugerty,* 4 Barb. 614; *Stewart* v. *Keteltas,* 36 N. Y. 388; *Doyle* v. *Halpine,* 23 Sup. Ct. 352.)

*Charles A. Jackson* for respondent. Whether or not there has been a waiver or rescission, is a question of fact. (Code of Procedure, § 1337; *Collender* v. *Philan,* 79 N. Y. 369–70.) The modification of the original contract embodied in the agreement of April 24, 1877, came within the proviso of the clause in the original contract providing that no alterations or additions shall in any way affect or make void the contract.

(*Legge* v. *Harlock*, 12 Q. B. 1013 ; *Lauer* v. *Brown*, 30 Barb. 420.) Where there is an express agreement the law will not imply one. (*Cutler* v. *Powell*, 6 T. R. 320 ; *Jennings* v. *Camp*, 13 Johns. 96 ; *Ladue* v. *Seymour*, 24 Wend. 63 ; *Galvin* v. *Prentice*, 45 N. Y. 165.) An agreement under seal cannot be waived or rescinded by a parol agreement, unless such agreement is executed and founded on a valid consideration. (*Suydam* v. *Jones*, 10 Wend. 180 ; *Delaciniu* v. *Bulkley*, 13 id. 71 ; *Allen* v. *Jaquish*, 21 id. 628 ; *Eddy* v. *Graves*, 23 id. 82 ; *Gardner* v. *Clark*, 21 N. Y. 404–5 ; *Ripley* v. *Ætna Ins. Co.*, 30 id. 164 ; *Dodge* v. *Crandall*, id. 306–307.) The fact that defendant was doing work upon the building after October 1, 1877, is unimportant. (*Macintosh* v. *Midland R. R.*, 14 M. & W. 548.) Presence at the building and urging on the work cannot possibly be construed as working an estoppel. (*Pike* v. *Butler*, 4 N. Y. 363 ; *Reed* v. *Bd. of Education*, 4 Abb. Ct. App. 24 ; *Roberts* v. *Opdyke*, 40 N. Y. 266.) A party may waive his right to throw up a contract for breach of condition without waiving his right to recover damages for the imperfect performance of the contract. (*Esmond* v. *Benschoten*, 12 Barb. 366 ; *Sinclair* v. *Talmadge*, 35 id. 606–7 ; *Jewell* v. *Schneppel*, 4 Cow. 64 ; *Murphy* v. *Buckman*, 66 N. Y. 297 ; *Taylor* v. *Mayor*, 83 id. 625.)

FINCH, J. We do not think it necessary to discuss and determine the effect upon the claim for liquidated damages of the delay produced by the modification of the original plan which added new walls and two additional stories. Assuming for present purposes, what we do not decide, that the time of performance was extended only to October 1, and that such extension was intended and understood to cover the changes of plan and increased amount of work, and assuming also that the original contract, with its damages for delay, applied to and controlled the modified and increased work, we are yet of opinion that the plaintiffs' non-performance was occasioned and excused by the act of the defendant, and the counter-claim was, therefore, improperly allowed.

The rule is well settled that where the work to be performed by the builder cannot be performed until the other work provided to be done by the owner or his employes is finished, the failure by the latter to complete their work in season to enable the builder to end his within the time limited by the contract is a sufficient excuse for his delay beyond the agreed period of completion. (*Stewart* v. *Keteltas*, 36 N. Y. 388.) In the case at bar the referee has found and certifies as facts, that the defendant agreed to furnish and complete certain parts of the building to be erected; that among these was all the marble work, including the mantels and treads of stairs, the elevator and kitchen lift, the steam-heating apparatus which was not determined upon until the brown coat of mortar was already on, and the ranges; that the steam-heating work was not completed till after November, and the marble work, elevator and lifts were not done until December 24; that "the plaintiffs could not complete many parts of their contract work until after these parts of the building were furnished by defendant and put in place, and were delayed and prevented from completing said parts of their contract work by reason of defendant's failure to furnish them;" and that plaintiffs did not complete some part of their work which was not dependent upon the defendant's action until December 24. Irrespective of the last fact found, the case is brought fully within the rule above stated. The finding is definite and clear that complete performance within the contract time was rendered impossible by the act of the defendant, and the very just result follows that the defendant cannot recover damages for a delay which she herself occasioned. The referee found as a conclusion of law the exact contrary, for, upon request, he refused to find "that the failure of defendant to furnish those parts of the work undertaken by her upon the completion of which the completion of plaintiffs' work depended affords a legal excuse for non-performance of plaintiffs' work before December 24." Upon what ground this refusal rested we do not know. The opinion of the referee and of the General Term are silent on the subject. The learned counsel for the respondent in the brief furnished on the argument seems

to touch it very lightly and guardedly. He says that the fact of work·being done after October 1 by the defendant is "unimportant." That is true, but it becomes very important when supplemented by the further fact that this very work thus continuing rendered impossible plaintiffs' performance within the contract time. The learned counsel adds that "plaintiffs were not prevented from finishing by reason of the defendant." The referee finds that they were. It is true he also finds that some work was delayed which was not affected by the delay of the defendant. We do not see how that fact alters the just result. To effect that would require us to assume what is not proved, and we cannot know, that there would have been delay in the independent work if the dependent work had not been hindered. The contractor could gain nothing by haste and pressure in one direction so long as entire completion was delayed by his employers. We cannot divide and apportion the fault. It is enough that damages were payable upon a failure of entire completion, and that was rendered impossible by the defendant's act, and her executor cannot recover for a failure which she made inevitable. But for that we cannot say that there would have been any delay beyond the contract time.

The judgment should be reversed so far as it allows defendant's counter-claim for liquidated damages and interest, and a new trial is granted as to such counter-claim, costs to abide the event.

All concur.

Judgment accordingly.