WILLIAM BYRNE ET AL. v. SISTERS OF CHARITY OF ST. ELIZABETH.

1. Suit will not lie on a building contract for money payable upon an architect's certificate, without the production of such certificate or evidence that its production has been waived.
2. Waiver may be express or proved by acts and conduct of the party entitled to demand it.
3. Less evidence of waiver is requisite when it clearly appears that the contract has been fully performed.

On rule to show cause.

This case was tried at the September Term, 1882, of the Essex Circuit, before Justice Depue and a jury. After the plaintiffs rested, the defendants' counsel moved for a non-suit, upon the grounds (1) that the testimony showed a serious departure from the terms of the contract in that a large part of the work done and materials furnished were not in accordance with the contract; (2) that not only did the contract provide

that the payments were to be in all cases upon the certificate of the architect, but that the particular provision as to the last payment was, that it was payable " on the certificate of the architect, in three months after the full completion of the entire work," and that plaintiffs had neither completed the work nor obtained the certificate or shown any excuse for its nonproduction.

The motion to non-suit was granted and a rule to show cause allowed, on the application of plaintiffs.

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the rule, *Joseph Coult.*

*Contra, Alfred Mills.*

The opinion of the court was delivered by

KNAPP, J. The plaintiffs were *non prossed* at the Circuit in their suit for a balance claimed upon a building contract between the plaintiffs and defendants. The contract made the price, $17,330, payable in eight instalments. It provided that in each payment a certificate should be obtained, signed by P. C. Keeley, architect, and that the eighth payment, being the balance of $4330, was to be paid on the certificate of the architect in three months after the full completion of the entire work. The plaintiffs agreed to well and sufficiently erect and finish all the carpenter-work, joiner-work, carver-work, hardware, glass and glazing required to finish the building in a good, workmanlike and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of the said architect.

The case was withheld from the jury because of the failure of the plaintiffs to show any certificate of the architect, and the absence of any proof sufficient to be submitted to the jury

of a waiver of its production. The claim was for a balance of the eighth, or last, payment.

The rule is entirely settled that under a building contract containing such clauses, the production of the stipulated certificate is a condition precedent to the institution of suit for money payable upon such contract while the provision remains in force. *Morgan* v. *Birnie,* 9 *Bing.* 670.

Where the contract has been performed and the builder has, by fulfilling his contract obligation, become entitled to such certificate, it is a fraud upon him to withhold or refuse it, for which the architect is liable if such refusal be with knowledge that the builder has fully performed his work. And an employer who acts in collusion with such architect in withholding it is subjected to a like liability.

A court of equity will also in such cases afford relief. An employer may demand of his architect faithful performance of the duty assumed by him, to skilfully examine and honestly report upon the contractor's execution of his contract, and for a false certificate, under which he is made to pay unearned money, may recover his damages from the person so unfaithful to his trust. Such conditions, however, may be waived by him in whose interest they are engrafted in the contract either by express words, relieving the builder therefrom, or waiver may be inferred from such acts, conduct or declarations of the employer as are inconsistent with the purpose of exacting performance, and the question of waiver is one of fact for the jury. The plaintiffs, on the trial of the cause, produced no certificate whatever of the architect, and they made no attempt to show that the defendant, or any agent of the defendant, had expressly dispensed with its production. It was shown that the first seven payments had been made to the plaintiffs without the presentation of any certificate, and it is contended by the plaintiff that this, coupled with other circumstances attending the dealings of the parties in respect to the payment of the last instalment, was evidence from which a jury would have been justified in finding a waiver of the condition annexed to the last payment. The circumstance

mainly relied upon as supplying such evidence, in addition to the fact that during the progress of the work payments were made by the agents of the defendants as they became due under the contract, without exacting the prescribed certificate, was a part payment of the amount of the last instalment to the Hall Manufacturing Company, upon an order drawn in favor of said company by the plaintiffs upon the defendants. These facts, it is urged, are sufficient evidence of an implied waiver of the contract requirement, in respect to the balance due on the last instalment, to require its submission to the jury. The ruling in *Haden* v. *Coleman*, 73 *N. Y.* 567, is thought to support this contention, but in that case payment of a portion of the instalment, without objection to the non-production of a certificate, was not alone the ground of decision. There the defendant had not only paid three-quarters in amount of the last payment, but both then and before had expressed himself entirely satisfied with the plaintiffs' performance, and never thereafter raised any objection that the work was not fully and satisfactorily executed. The plaintiffs permitted the balance to remain in the hands of the defendant for some time, without any intimation that a certificate would be required or that the work was not fully and skilfully performed. The refusal to pay the balance was for a cause entirely disconnected with the contract and one designed to coerce the plaintiffs in respect to a different transaction. The defendants having set up the want of certificate in a suit for the balance, the court thought these circumstances ought to have gone to the jury on a question of waiver. It may be conceded that that case was rightly decided. Where, in such suit, a complete or substantial performance of the contract appears, the purpose of a certificate, as evidence of that fact, being otherwise supplied, slight evidence of a waiver is sometimes permitted to go to the jury rather than turn a meritorious case out of court. The purpose to forego the requirement in such cases is more readily inferable; but if the performance of the condition is necessary to the protection of a substantial right in him for whose benefit it exists, evidence

to justify the finding of a purpose to dispense with it is necessarily stronger and should be reasonably clear. It is opposed to probabilities. The fact that no certificate had been required to precede the earlier payments under this contract, is in itself of very little weight. It may show that the employers were liberally inclined towards the plaintiffs and disposed to put no impediment in their way while the work seemed to be successfully progressing; but these lady managers were engaged in the construction of a costly building, and unskilled as they probably were in judging of the quality of material and the true merits of the labor that was being performed upon the building, it is highly reasonable to suppose that before the work was turned over and accepted by them and a final settlement made, that the judgment of their chosen superintendent and expert would be needed and required. Very little, if any, weight is added to this feature of the case by the payment made on the plaintiffs' order to the Hall Manufacturing Company, in view of the circumstances under which that payment was made. The testimony shows that the order was given to these creditors of the plaintiffs after plaintiffs had failed in obtaining payment in consequence of the dissatisfaction with the character of their work and their failure to obtain a proper certificate from the architect. When the order was first presented, payment was refused *in toto*. It never was formally accepted, either by word or writing, and the payment that was made on account of it was after repeated applications and upon very urgent pressure. They yielded to the solicitations of Mr. Hall and his collector without abating in any degree their complaint at the imperfect execution of the building contract. They made no engagement to pay the balance of the order even, nor could any be inferred from their conduct or conversation. What they paid was all they engaged to pay, either in fact or in legal effect. The circumstances alluded to make up the sum of all there was in the case upon which waiver could be predicated. Aside from these, there is nothing to be found in the evidence that could have induced the plaintiffs, or any reasonable person, to be-

lieve that a certificate of compliance with the contract would not be required of them, and I think it is clear that they entertained no such belief. That they made no demand upon the architect was for a reason most obvious in the light of the plaintiffs' testimony, and that no less a one than that they were not entitled to his approval of their demand to be paid for the work for which payment was claimed. Indeed, the plaintiffs and each of their witnesses who had conference with the lady managers of the defendant association, were, on each such occasion, made to hear their expressions of discontent and dissatisfaction at the manner in which the plaintiffs' contract was performed, and they were abundantly notified that before final payment would be made the plaintiffs' part of the contract must be so completed as to be fit to pass the scrutiny and receive the approval of the architect. Admittedly, this building, in important particulars, was faultily constructed, and in these respects the plaintiffs made no attempt or offer to bring themselves into compliance with their contract and thus to make the architect's approval theirs by right. I have been unable to see how part payment of the last instalment, under the circumstances which attended it, could justify the inference that the balance of that instalment would be handed over without a compliance with the contract condition in respect to the last payment. But if it be conceded that there was more than a mere scintilla of evidence touching an implied waiver of the certificate upon which the last payment was to be made, before this suit could be maintained, the plaintiffs were called upon, in virtue of the other clause in the contract, to show by writing under Keeley's hand, as architect, that the building was finished in a good, workmanlike and substantial manner to his satisfaction. Under such a clause, so long as it remains in force, no action can be maintained except upon the production of such certificate. *Add. on Cont.* 666; *Scott* v. *Liverpool Corp.*, 25 *L. J., Ch.* 236; *Mayor, &c.,* v. *Ackers,* 16 *L. J., Ex.* 6; *Moffatt* v. *Dickson,* 13 *C. B.* 543; *Dobson* v. *Hudson,* 1 *C. B.* (*N. S.*) 652.

Such certificate was not produced at the trial, and the

plaintiffs never asked for it, and it could not have been given by the architect with safety to himself. One of the Byrnes Brothers testified that on one occasion the architect told him that if certain unimportant work was done no objection would be made to the building, but the verbal approval of the architect, either absolutely or conditionally, was not a compliance with the clause. The express requirement of the contract was his handwriting as evidence that the work was performed to his satisfaction, and his duty to the defendant could be discharged in that respect by his writing only. There was no attempt to show a waiver of this certificate, and unless it was procured or its production waived by the defendant, the plaintiffs' case failed and a non-suit was inevitable.

The course pursued at the trial in non-suiting the plaintiffs was a proper one, and the rule should be discharged, with costs.