Haight, J.
This, action was brought to recover a balance due on a building contract, and also a sum for extra work and material. The contract was made on the ninth day of November, 1882, and in substance provided that the plaintiff should remove an old building and erect a new one upon the site thereof, as an annex to the M. E. Church of Auburn, to be used as a Sunday-school room. The building was to be constructed according to the plans and specifications set forth- in the contract, under the supervision of James M. Elliott, an architect, and was to be completed on or before the fifteenth day of June, 1883, and in default thereof the plaintiff agreed to pay to the defendant, by way of liqui *571 dated damages, the sum of ten dollars per diem for each and every day thereafter that the work should remain incomplete. Within two or three days after the signing of the contract, the plaintiff commenced work upon the job, and continued until about the twenty-fifth of Hovember. At that time he had his men engaged to tear down and remove the old building.
At about this time he had a talk with the defendant, who stated that he had made up his mind not to have the old building taken down until spring, as they wanted it to use during the winter; that the plaintiff told him if the old building was not removed until spring, he could not complete the new building in the time required by the contract; that the defendant told him that he preferred to have the old building to use during the winter rather than in the hot weather, and that' he would let him know in the spring when to commence work upon it. Thereupon the defendant discharged the men that he had in his employ for the purpose of removing the old building. Thereafter, and on Saturday, the twenty-fourth of March, the defendant notified the plaintiff that he could then commence tearing down the old building, and on the Monday following the plaintiff again commenced work. It appears from the testimony that at that time the ground was frozen and considerable delay was caused in the digging of the cellar; that thereafter heavy rains came on, filling the excavation with water, and that the digging of the cellar was delayed for about a month. The cellar was finally completed, the building erected and finished on the twenty-fifth day of December, when the same was turned over to the defendant and accepted by him.
The referee has found as a fact that the plaintiff failed to perform the work within the time required by the agreement, but that such failure was caused by the act of the defendant in preventing the plaintiff from taking down the old building, and thus delaying and retarding the progress of the work upon the new; and that the failure to complete it on or before June fifteenth, 1883, was the defendant’s own fault.
Ho question is raised as to the amount due upon the contract. It is contended on the part of the appellant that the building was not completed until 193 days after the time provided in the contract; and that he was entitled to recover ten dollars for each day of that time.
The testimony as to the conversation between the plaintiff and the defendant is somewhat conflicting; but it is conceded that the defendant directed that the old building should not be removed until spring, and it appears that the new building could not be constructed whilst the old building remained standing; and that this of necessity retarded and delayed the plaintiff in his work upon the contract. But it is argued on the part of the appellant that he was not *572 delayed or retarded in his wopk to the amount of the 193 days. That in the winter season he could not work with the same advantage that he could in the summer.
Whilst on the other hand it is claimed that,if the old building could have been removed in November that the cellar could have been completed and the walls put up and thus the delay occasioned by the spring rains could have been avoided. But we do not think that we are called upon to speculate upon these claims, for the question for our determination is, whether or not the defendant has waived the provision of the contract requiring the new building to be constructed on or before the fifteenth day of June. Upon this question the defendant himself concedes that he gave the plaintiff until the first of September or until his return from Europe, which was shortly thereafter. The plaintiff on the other hand claims that there was no limit to the time fixed in which the building should be completed after the arrangement was made to postpone the taking down of the old building until the next spring.
Upon this conflict of evidence the referee has found for the plaintiff, and we cannot say on review that such finding is against the weight of evidence. If this provision of the contract was waived, then the defendant is not entitled to recover damages by reason of the non-completion of the building within the time specified. Weeks v. Little, 89 N. Y., 566; Stewart v. Keteltas, 36 id., 388; Mansfield v. N. Y. C. and H. R. R. R. Co., 102 id., 205; 1 N. Y. St. Rep., 390.
Upon the trial one Barnes was sworn as a witness for the plaintiff and gave evidence as to the work done upon the building, the time when they commenced to tear down the old building and the delays that were occasioned by reason of the frost in the ground and the rains occurring during the time that they were digging the cellar. Upon the cross-examination he was asked “ In your opinion did it delay the work by putting it off till spring? ” This was objected to by the plaintiff, the answer was excluded and exception taken. We are inclined to the opinion that the evidence was properly excluded for the reason that the fact could be determined without the aid of the opinion of experts.
As to the claim for extra work and materiál, there is substantially no dispute in the evidence and the report of the referee is amply sustained. True, the order for the extra work was not in writing signed by the parties, but it is apparent that this requirement was waived by the act and conduct of the parties. Haden v. Coleman, 73 N. Y., 567; Smith v. Alker, 102 id., 87.
The judgment should be affirmed.
Smith, P. J., and Bbadley, J., concur.