The Court at General Term said:
“Although the agreement of March 13,1884, decided the agreement of December 11,1882, declared time to be of the essence of the contract and provided that no part of the contract could be waived, altered or modified by either of the parties, except by a writing duly signed by both parties, there was evidence given at the trial and properly received, upon which the jury was at liberty to find that the defendant, during the progress of the work, made such material changes and additions with which the plaintiff was forced to comply, and interfered so much with the plaintiff’s proceedings, that the work could not be completed within the time originally fixed. The case was therefore one for the jury, notwithstanding there was no evidence of any express waiver on the part of _ the *534 defendant. No provision in a written contract can afford immunity to a party to the contract from the consequences of his own acts by which performance by the other party was rendered impossible. So, by failing to insist upon a forfeiture for non-completion within the time fixed by the agreement, and directing the prosecution of the work after the expiration of such time, the defendant became liable to pay, if the contract was thereafter performed, but he had a right to claim damages, if he sustained any, by reason of the non-completion within the time. Weeks v. Little, 89 N. Y. 566 ; Heckmann v. Pinkney, 81 Ib. 211; Stewart v. Keteltas, 36 Ib. 388; Gallagher v. Nichols, 16 Abb. Pr. N. S. 337. The facts of the case are very complicated and peculiar, and they present great confusion, but a careful examination of them has satisfied us that upon the whole case substantial justice has been done, and that none of defendant’s exceptions should be sustained. True, there seems to be an inconsistency between certain instructions given to the jury, for at one time the learned judge who presided at the trial charged that there was no evidence of any waiver by the defendant, while subsequently he submitted to the jury the question of such waiver, together with the question of defendant’s interference, and the question of defendant’s damages. But the question of waiver was submitted pursuant to defendant’s request, and consequently the defendant has no cause of complaint on that score.
Guggenheimer & Untermyer, attorneys, and Samuel Untermyer of counsel, for appellant.
Anderson & Man, attorneys, and E. Ellery Anderson of counsel, for respondent.
Opinion Per Curiam.
Judgment and order affirmed.