GILDERSLEEVE, J. This is a motion to place a cause on the preferred calendar, on the ground that the sole plaintiff is a receiver. Section 791 of the Code, subd. 5, provides for a preference in cases where "a receiver appointed by the court" is the sole plaintiff or sole defendant. In the case at bar the receiver was appointed in supplementary proceedings. Section 2464 of the Code provides for the appointment of a receiver of the property of a judgment debtor by "the judge to whom the order or warrant is returnable," etc. In the case at bar the complaint sets forth the appointment of the receiver by Justice Hascall, of the city court. I do not think that the preferred calendar should be weighed down with cases instituted by receivers in supplementary proceedings, as a strict interpretation of the statute does not appear to require it.

The motion for a preference should be denied, but without costs. The request for the removal of the cause from the special term calendar, made on behalf of defendant, is not properly before me, as no notice of motion has been served.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. ALDRICH et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. MORTGAGE—FORECLOSURE — EXTENSION OF TIME OF PAYMENT — VARYING WRITTEN CONTRACT.

In an action of foreclosure, defendant offered in evidence an oral agreement for the postponement of payment indefinitely so long as interest was regularly paid. It appeared that subsequent to the agreement, which was alleged to have been made with defendant's grantor, the latter executed a bond whereby, in consideration of an extension of six months, he assumed the payment. Held that, as all agreements between the parties were merged in the bond, its effect cannot be varied by parol.

2. SAME—AGREEMENT TO EXTEND TIME—CONSIDERATION.

An agreement to pay a mortgage note past due, at a subsequent time, and interest up to that time, is not a sufficient consideration for an agreement to extend the time of payment.

Appeal from Kings county court.

Action by the Mutual Life Insurance Company of New York against Spencer Aldrich and others. From a judgment for plaintiff, defendant Mary Nagle appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Howard A. Sperry, for appellant.

William Rasquin, Jr., for respondent.

CULLEN, J. This action is brought to foreclose a mortgage. The mortgage was, by its terms, long past due. The owner of the equity of redemption interposes as a defense an agreement whereby, for sufficient consideration, the time for the payment of the principal was postponed indefinitely, so long as the semiannual payments of interest were made regularly. When the plaintiff's grantor was about to acquire title to the mortgaged premises, negotiations occurred between him and the plaintiff, in the course of which, the ap-

pellant claims, the agreement pleaded was entered into between the parties. It is unnecessary to review the evidence of the parties as to what agreement was made between them, for subsequently the defendants' grantor executed a bond to the plaintiff whereby, in con sideration of the extension of the time for the payment of the mortgage for a period of six months, he assumed such payment. All negotiations or agreements between the parties were merged in this sealed contract, the effect of which cannot be varied by parol. After the time for the payment of the mortgage prescribed in the new bond had passed, it is claimed a new agreement was made for an extension of the time of payment. It is equally unnecessary to review the evidence on this question, for the plaintiff received no consideration for such an extension. An agreement to pay a debt past due, at a subsequent time, and also interest upon the debt up to that time, is not a sufficient consideration for an agreement to extend the time for the payment of the debt. Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5.

The judgment appealed from should be affirmed, with costs. All concur.