Delahunty, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 63 N. Y. Supp. 336.

---

MEYER, Appellant, v. REIMERS et al.,Respondents. (Supreme Court, Appellate Division, First Department. March 9, 1900.) Action by Arthur Meyer against Hermann Reimers and others. From an order denying plaintiff's motion for the appointment of a receiver pendente lite (63 N. Y. Supp. 681), he appeals. Affirmed. B. F. Einstein, for appellant. John E. Parsons, for respondents.

PER CURIAM. On the motion for the appointment of a receiver pendente lite, it appeared that the liquidation of the assets of the firm of Reimers & Meyer was being conducted legally and in accordance with the provisions of the articles of co-partnership under which the firm was formed. We are of the opinion, therefore, that the motion was properly denied. The consideration of the other questions discussed should be reserved until the trial of the action, The order must be affirmed, with $10 costs and disbursements.

---

MILLER, Respondent, v. KETCHAM, Appellant. (Supreme Court, Appellate Term. March 5, 1900.) Action by Clifford L. Miller against Edgar Ketcham, Jr. Judgment for plaintiff, and defendant appeals. Affirmed.

PER CURIAM. The contract between Reid and the defendant provided, among other things, that the work was to be done in a good and workmanlike manner, to be approved by E. K. Bourne, architect. The complaint is based on a substantial performance of the work mentioned in the contract by Reid, and a failure to complete the portion of the work not completed, which failure was caused by the act of the defendant. The defendant now contends that plaintiff cannot recover because he has failed to secure the approval of the work by the architect. We are of the opinion that this contention is not well founded. Plaintiff's evidence excuses the failure to obtain the certificate of the architect. Weeks v. Little, 89 N. Y. 566; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849; Id., 67 Hun, 425, 22 N. Y. Supp. 154; Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185. The complaint also contains the allegation that on March 2, 1899, the sum of $200 was due and owing to said Reid by the defendant. This allegation is denied by the defendant. The witness Reid testified that the defendant had paid him but $425. This evidence was not denied by the defendant. The trial justice in effect found, and his finding was warranted by the evidence, that Reid's failure to complete was caused by the defendant. If defendant caused the failure, of course, he is not entitled to damages because of the failure. Judgment affirmed, with costs.

---

MONOSHEWITZ, Respondent, v. MONOSHEWITZ, Appellant. (Supreme Court, Appellate Division, First Department. March 9, 1900.) Action by Lena Monoshewitz against Barnet Monoshewitz. G. A. Rogers, for appellant. A. Rosenthal, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

MONPLAISIR et al., Respondents, v. CITY OF COHOES, Appellant. (Supreme Court, Appellate Division, Third Department. March 7, 1900.) Action by John Monplaisir and others against the city of Cohoes. No opinion. Judgment and order affirmed, with costs.

---

MONTGOMERY v. BRUSH ELECTRIC CO. (Supreme Court, Appellate Division, First Department. April 2, 1900.) Action by William R. Montgomery against the Brush Electric Company. No opinion. Motion denied, with $10 costs. See 62 N. Y. Supp. 606.

---

MOSS, Appellant, v. WILSON, Respondent. (Supreme Court, Appellate Division, First Department. April 2, 1900.) Action by Moton D. Moss against George T. Wilson. A. S. Bacon, for appellant. W. L. Kitchel, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re MOSSCROP. (Supreme Court, Appellate Division, Second Department. March 6, 1900.) In the matter of the application of Thomas D. Mosscrop for leave to begin an action for dissolution of Amsterdam Street-Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

---

MUTUAL LIFE INS. CO., Respondent, v. ALDRICH et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 13, 1900.) Action by the Mutual Life Insurance Company of New York against Spencer Aldrich and Mary Nagle.

PER CURIAM. The additional memoranda submitted on the motion for a reargument do not convince us that a reargument should be granted. The application, as now presented, involves an abandonment of the position taken by counsel for the appellant in his original brief and on the oral argument, and the assumption of a radically different and inconsistent position. This is that the defendant Stewart, in the transactions in suit, was acting, not for himself, but as agent for the Citizens' National Bank of Yonkers. His own testimony is so difficult to reconcile with this view that we think a finding to that effect would be against the evidence. Motion for reargument denied. See 60 N. Y. Supp. 195; 61 N. Y. Supp. 654; 62 N. Y. Supp. 1142.

---

NASH, Respondent, v. PETRIE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 27, 1900.) Action by Herbert J. Nash against Mary Petrie and another. No opinion. Judgment and order affirmed, with costs.

---

O'CONNOR, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 28, 1900.) Action by Annie E. O'Connor, as administratrix, etc., of Patrick H. O'Connor, deceased, against the Metropolitan Street-Railway Company.

PER CURIAM. Order reversed, and motion granted, on condition that within five days the defendant pay to the plaintiff the taxable costs of the action, including the extra allowance,