## KENNY et al. v. MONAHAN.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. BUILDING CONTRACT—ACTION FOR PRICE—DELAY—DEFENSE.

Where the owner permitted the contractor to go on and finish a building after the time stipulated in the contract, and extra work was ordered by the owner, which required additional time, the delay in completion cannot be set up as a defense to an action for the contract price.

2. SAME—COUNTERCLAIM FOR DELAY—DISMISSAL.

Where defendant in an action to foreclose a mechanic's lien counterclaimed for damages for delay in completion beyond the date set by the contract, but failed to introduce any evidence of damage by the delay, the counterclaim was properly dismissed.

Appeal from special term, Kings county.

Action by Christopher J. Kenny and another against Hugh V. Monahan. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edward M. Grout, for appellant.
D. F. Manning, for respondents.

WOODWARD, J. The careful and intelligent discussion of this case presented in the opinion of the court below makes it unnecessary to enter into any elaborate consideration of the matters involved. Counsel for the appellant urges with so much earnestness that the trial court has misapplied the law as laid down by the court in Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315, that we have felt constrained to consider that view of the question. The contract under which the plaintiffs in this action performed the services for which they now seek to recover provided that the work should be completed within one month. The learned trial court decided that "the defendant has failed to sustain his counterclaim for damages for delay in the completion of the building beyond the time specified in the contract, for the reason that time was not of the essence of this contract in the contemplation of the parties, and the defendant has estopped himself from enforcing this provision of the contract by his own conduct." In an accompanying opinion the court suggests, upon the authority of Dunn v. Steubing, supra, that "upon the failure of the plaintiff to perform the contract by the date fixed the defendant might have insisted upon his strict legal rights, and then put an end to the contract; but this he did not do, but permitted the plaintiffs to continue the work, and for this reason he cannot now insist upon the delay as a defense to an action brought to recover the price of the contract." This view of the law seems to be in harmony with the authority cited; that is, that the failure of the plaintiffs to perform the contract within the time specified, if acquiesced in by the defendant, who has received the benefit of the labor performed and the materials furnished, cannot be set up as a defense to an action to recover for such services and materials. This does not go to the extent of holding that damages actually sustained by the defendant by reason of the failure of the plaintiffs to

perform the contract within the time specified may not be recovered, but that the mere fact of a failure to perform is not a defense to the action. The difficulty with the position assumed by the appellant is that there was no evidence in support of the claim for damages under this head, except that the plaintiffs had failed to perform the work in the time agreed upon; and, in the absence of evidence showing damages, the defendant has failed to establish a counterclaim.

The record shows that there were material modifications and changes made at the suggestion of the architect, with the approval of the defendant; that these required additional time; and the facts justified the decision of the court below that time was not of the essence of the contract in the contemplation of the parties, and that the defendant had estopped himself from insisting upon the time limit of the contract by his own conduct. We fail to find in the case anything to indicate that the trial court has misapplied the law. So far as our attention is drawn to the matter, no evidence was offered in support of the claim for damages, aside from the fact that the contract was not performed on time; and no right of the appellant, therefore, could be involved, even if it be conceded that the court below was led into the error of supposing that the defendant could not recover actual damages growing out of the failure to perform a duty which plaintiffs owed to the defendant under the contract. We are of opinion that the authority cited fully sustains the decision of the court below, in so far as it affects the rights of the appellant at least, and beyond this there is no need to inquire. The damages for injuries to goods, due to the failure of the plaintiffs to exercise that degree of care demanded of them under the circumstances, is fully treated by the court below, and the conclusion reached is supported by the evidence. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

(53 App. Div. 599.)

WILLIAMS v. CONNORS.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

PLEADING—BREACH OF CONTRACT—COMPLAINT—JUDGMENT—PRAYER.
Where a complaint alleged facts sufficient to constitute a cause of action for damages for breach of a contract of employment, the fact that the prayer was for a judgment for wages, instead of for damages, did not render the complaint fatally defective, and hence a judgment dismissing the complaint was erroneous.

Appeal from special term, Erie county.

Action by Luther Williams against William J. Connors. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The complaint alleges: "That on or about the 17th day of May, 1899, at Buffalo, N. Y., the defendant engaged the services of the plaintiff, at his special instance and request, to work for him for the period of seven months from on or about said 17th day of May, 1899, at the rate of $75 per month. The plaintiff did perform services for said defendant in accordance with the terms of said contract from on or about said 17th day of May, 1899, to said 27th day of May, 1899, and was paid by said defendant for said services. That on or