(51 Misc. Rep. 667.)

### TRAITEL et al. v. OUSSANI.

(Supreme Court, Appellate Term. November 14, 1906.)

CONTRACTS—PERFORMANCE—APPROVAL OF ARCHITECT—CERTIFICATE—NECESSITY.

One performing labor under a contract stipulating that, before any payment shall become due, a certificate shall be obtained from an architect named, cannot recover, on the theory that the contract has been fully performed, without procuring the architect's certificate, or showing that it has been unreasonably refused, or that the other party to the contract has waived its production.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1308–1317.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Benjamin D. Traitel and others against Joseph T. Oussani. From a judgment of the Municipal Court rendered in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

H. L. Kringel, for appellant.
W. C. Wolf, for respondents.

DOWLING, J. Plaintiff sues to recover for a balance due for work, labor, and services, and for the price of certain repairs upon premises belonging to defendant. As to the former item, amounting to $100, it is claimed to be due under a certain agreement in writing between the parties, which agreement, among other things, provided that, before any payment became due to plaintiffs from defendant, a certificate should be obtained from and signed by a certain architect

therein named. The balance sued for is claimed to be due as part of the last payment provided for by the agreement, and concededly no such certificate for said last payment was obtained from or signed by said architect. This action is brought upon the theory that the contract was fully performed by plaintiffs. In such a case, where a certificate is required to be obtained from an architect before a payment becomes due, the plaintiff must either procure the architect's certificate, or show that it has been unreasonably refused, or that defendant has waived its production. Weeks v. O'Brien, 141 N. Y. 202, 36 N. E. 185; Excelsior Terra Cotta Co. v. Harde, 90 App. Div. 8, 85 N. Y. Supp. 732. There is no such proof in this case, and the plaintiffs' reliance as to waiver is upon a case (Haden v. Coleman, 73 N. Y. 567) where, as a matter of fact, the architect had never superintended the work in question, which is not this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.