## VILTER MFG. CO. v. TYGART'S VALLEY BREWING CO.

(Circuit Court, N. D. West Virginia. April 2, 1909.)

1. MECHANICS' LIENS (§ 158*)—VERIFICATION—NONRESIDENT NOTARY—CERTIFICATION OF AUTHORITY—AMENDMENT.

Where suit was brought to enforce a materialman's lien within 60 days after plaintiff ceased to furnish the material, and while the right to file a properly verified declaration of lien, if the one filed was defective, was still existing, plaintiff filed an amended pleading, supplying a proper court certificate of the authority of the nonresident officer taking the verification of the lien, the fact that the declaration of account and lien, when filed, was verified by a nonresident notary, whose authority was not authenticated by a clerk or other officer of a court of record, was not a fatal defect.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 278; Dec. Dig. § 158.*]

2. DAMAGES (§ 85*) — BUILDING CONTRACT — DELAY—PENALTIES—MUTUAL DEFAULT.

Where delays in constructing an ice plant and refrigerating machines were caused by the mutual default of the parties, contract penalties will

---

be regarded as waived, and the court will not attempt to apportion the delays between the owner and the contractor.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 85.*]

In Equity.

Winkler, Flanders, Bottum & Fawsett and Cunningham & Stallings, for plaintiff.

F. T. Martin, for defendant.

DAYTON, District Judge. This suit is brought to enforce an alleged mechanics' lien for the furnishing and erection of two 60-ton refrigerating machines and one 25-ton ice plant under contract. The contract required the plaintiff to furnish and erect these machines and plant in buildings and upon foundations furnished by the defendant, who was also to do all necessary masonry and carpenter work. The first machine was to be completed on the 5th day of June, 1906, and the second on or before the 1st day of July following, provided that the foundation and buildings were ready to receive the machines immediately upon arrival, and other delays were not caused by the defendant. In event of such delays a corresponding extension of time was to be given. In case either plant was not completed, under these conditions, within the time provided, the plaintiff was to allow "the sum of $25 per day for each and every day beyond the dates fixed for the completion of either or both plants, which sum is to be considered as full compensation for such delay."

The defenses relied upon are two: First. That the plaintiff's claim for a lien does not comply with the statute, because the certificate of the nonresident notary, who took the affidavit to the declaration of account and lien, was not authenticated by a clerk or other officer of a court of record, and the lien, therefore, was not properly recorded. Second. That the work was not done by the plaintiff within the required time, and that the defendant is entitled to offset the liquidated damages at the rate of $25 per day, as provided by the contract. The first defense was made by demurrer, and has already been passed upon by the overruling of the same; but as no written opinion was filed at the time, and this defense is still relied upon in the answer, a brief statement of the reasons for rejecting it may now be made.

In 1895 the Supreme Court of Appeals, in Lockhead v. Berkeley Springs Water Works & Improvement Co., 40 W. Va. 553, 21 S. E. 1031, held that, where the affidavit for a mechanic's lien is made before an officer of another state, it is not duly authenticated for record until subscribed by such officer and certified by the clerk or other officer of court of record of such state, under official seal, as required by Code 1899, c. 130, § 31 (Code 1906, § 3953). Here the affidavit was made before and duly subscribed by an officer of another state; but no certificate of the clerk or other officer of a court of record of such other state, under official seal, was attached thereto. Under this decision alone this technical defense is based. This decision was rendered some 14 years ago, when the trend of the courts of this state was to require strict compliance with the technical requirements of

the mechanic's lien law. This policy of the courts has been entirely changed, and in West Virginia Building Co. v. Saucer, 45 W. Va. 483, 31 S. E. 965, 72 Am. St. Rep. 822, and other similar cases, it has been held that, where a builder has completed his work according to contract in all material features, his mechanic's lien is not lost merely because there are omissions or defects. The courts of this state are uniformly and constantly upholding mortgages and equitable liens created by contracts verified by officers in other states, without the certificate of a court of record being attached thereto to show such officer's authority, and it is anomalous to say that the declaration of a mechanic's lien should be governed by a different and opposite ruling. It may be, therefore, doubted whether this decision of 14 years ago would be still insisted upon if the matter were again brought before the Supreme Court of Appeals.

Be that as it may, however, it seems to me clear that in this case there are conditions that entirely make this authority inapplicable. The statute provides that a builder or furnisher of machinery or material shall have a lien, provided he file and record his declaration and account, verified by affidavit, within 60 days from the date of his ceasing to labor or to furnish such machinery or material. It then provides that he shall lose his lien if he does not institute suit to enforce it within 6 months after filing it. In this case this suit was brought within 60 days after plaintiff ceased to furnish material, and while the right to file a properly verified declaration of lien, if the one filed was defective, was still existing. Inasmuch as equity abhors technicalities designed to destroy contractual rights, and will cut across lots to do justice according to the dictates of good conscience, it seemed very clear to me, as against the defendant alone, the right of no other creditors or lienors intervening, this court could well permit the plaintiff, by amended pleading, to show this nonresident officer's authority, at the time he did so, to verify the declaration of lien, and to supply such verification by a proper court certificate, which was done.

As to the second defense set up, it will be sufficient to say that my conclusions, reached after a careful consideration of the testimony filed in this cause, are that the plants were not erected within the periods prescribed by the contract, but their erection was retarded by delays that were created by mutual default of both plaintiff and defendant. Those for which the defendant were in a measure responsible were placing the foundations, having the reboiler moved at the instance of defendant's architect, failing to dig the trench or culvert in which to lay the ammonia and other pipes, in insulating the bottom of the freezing tank, in connecting steam pipes from boiler to machines, so ice plant could be operated, having the coils in the racking room set back from their original position to make room for the gas machines, in the removal of the coils in the beer storage, by reason of the floors being higher than specifications called for, and in not having the doors and windows placed in the building so that final test could be made under conditions of fixed temperature. The enforcement of penalties is not favored in equity, and they are so enforced only after the demandant therefor has shown that he himself has strictly complied on his part with all the contract requirements to such enforcement. This

is particularly so, as in this case, where the defendant, seeking to enforce such penalties or claim for liquidated damages, is shown to have accepted the work, is satisfied with it, has been placed in possession, and is deriving the uses and benefits thereof. Where delays are caused by mutual default, such penalties will be held to have been waived, and the courts will not attempt to apportion such delays between the two, and hold the contractor liable in penalty for those days that they in their judgment, deem he may be chargeable with. This rule has been well stated in such cases as Stewart v. Keteltas, 36 N. Y. 388, Heckmann v. Pinkney, 81 N. Y. 211, and Weeks v. Little, 89 N. Y. 566. The Circuit Court of Appeals for this Fourth Circuit, in the case of Jefferson Hotel Co. v. Brumbaugh (decided on the 12th of last month) 168 Fed. 867, has determined these very principles touching a contract similar in all respects, approving the decisions from New York above cited.

It therefore follows that both defenses set up against plaintiff's demand in this case must be overruled, and that plaintiff is entitled to a decree for the full amount of its debt, interest, and costs, to be enforced by a sale of the property covered by the mechanic's lien, in case the same shall not be paid within 60 days.