MURPHY et al. v. NUMBER ONE WALL STREET CORPORATION et al.

(Supreme Court, Special Term, New York County.   December 2, 1909.)

1. CONTRACTS (§ 300*)—BUILDING CONTRACTS—PERFORMANCE—DELAY—EXCUSE.
   Where the work to be performed by a building contractor cannot be performed until other work to be done by the owner or his employés is finished, the failure of the owner or his employés to complete such other work excuses the contractor for his delay in completing the work.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1378; Dec. Dig. § 300.*]

2. CONTRACTS (§ 300*)—BUILDING CONTRACTS—PERFORMANCE—DELAY—WAIVER.
   Where a subcontractor required to complete his work within 50 work days was not permitted to enter on the work until several months after the making of the contract because of the act of the contractor, who thereafter allowed the subcontractor permission to perform the work, the contractor could not recover damages for the failure of the subcontractor to complete the work within the time specified.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1372–1381; Dec. Dig. § 300.*]

3. CONTRACTS (§ 306*) — BUILDING CONTRACTS — PERFORMANCE—DELAY—COMPLETION BY OTHER PARTY.
   Where a contract employing a subcontractor stipulated that on failure of the subcontractor to supply a sufficiency of skilled workmen or materials, or on a failure to perform the agreements in the contract, the contractor might, on three days' written notice, provide the labor and deduct the cost from any money that might be due to the subcontractor, and the contractor did not give any notice to the subcontractor, the contractor could not demand reimbursement for the failure of the subcontractor to perform certain things.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1531, 1532; Dec. Dig. § 306.*]

4. CONTRACTS (§ 306*)—BUILDING CONTRACTS—PERFORMANCE—DELAY—EXCUSE.
   Where a subcontractor did not agree to reimburse the contractor for elevator service or for gasoline and coke furnished, the contractor could not demand reimbursement therefor on completing the work left undone by the subcontractor.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1531, 1532; Dec. Dig. § 306.*]

Action by Francis J. Murphy and another, copartners, doing business as Murphy Bros., against the Number One Wall Street Corporation and others.   Judgment directed for plaintiffs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas F. Keogh, for plaintiffs.

Leventritt, Cook & Nathan (William L. Cahn, of counsel), for defendant Number One Wall Street Corporation.

John Larkin and A. S. Andrew, for defendants Westlake & McKim.

O'Brien, Boardman, Platt & Littleton (J. T. Crane, of counsel), for defendant Fidelity & Deposit Company of Maryland.

NEWBURGER, J.   Action to foreclose a mechanic's lien.   Plaintiffs were subcontractors under the defendants Westlake & McKim, who were the general contractors to erect the building at the southeast corner of Wall street and Broadway belonging to the defendant Number One Wall Street Corporation.   The plaintiffs claim the sum of $2,587 due upon the subcontract, and for extra work the sum of $3,386.83.   The defendants Westlake & McKim concede that the plaintiffs performed the work specified in their contract and are entitled to a credit for the balance of the contract price for the sum of $2,587, but deny any liability for the extra work and counterclaim for the sum of $6,800 for damages by reason of the failure of the plaintiffs to complete their work within 50 working days, and also the sum of $1,702.26 for labor and materials and services furnished by the plaintiffs to Westlake & McKim.

The first question to be determined therefore is as to the counterclaim interposed for the delay in completing the work.   It is admitted that although the contract between the plaintiffs and the contractors was entered into on the 9th day of May, 1906, the plaintiffs were not permitted to enter upon the work until about the 15th of October.   The correspondence between the parties and the testimony clearly show that the plaintiffs were prevented by the acts of the contractors from performing the subcontract within the 50 working days, and changes were made at the request of the owners and contractors.   The rule is well settled that, where the work to be performed by the builder cannot be performed until the other work provided to be done by the owner or his employés is finished, the failure by the latter to complete their work within the time limited by the contract is a sufficient excuse for his delay beyond the agreed period of completion.   Stewart v. Keteltas, 36 N. Y. 388; Weeks v. Little, 89 N. Y. 566.   It has also been held that a counterclaim interposed for damages alleged to have resulted from the failure of the contractor to complete the building specified cannot be sustained where changes in the work which caused the delay were made at the suggestion of the architect with the approval of the owner.   Kenny v. Monahan, 53 App. Div. 421, 66 N. Y. Supp. 10, affirmed in 169 N. Y. 591, 62 N. E. 1096.   It furthermore appears that, after the expiration of the 50 working days, the contractors gave written, as well as oral, orders to the plaintiffs and made payments to them on their contract.   It has been held that, upon the failure of a contractor to perform work by the day fixed, the owner may put an end to the contract and insist upon his strict legal rights; but when he fails to do that, and permits the builder to continue, he cannot insist on the delay as a defense.   See Dunn v. Steubing, 120 N. Y. 237, 24 N. E. 315.   I therefore disallow the counterclaim interposed for

damages by reason of the noncompletion of the work within the time specified in the contract.

The second counterclaim in which the defendant contractors seek to be reimbursed for the removal of rubbish in the basement, erecting of tile partitions in the basement, elevator service, gasoline and coke, · and removal of rubbish from floors, must be disallowed for the reason that, under the contract between the parties, upon the failure of the plaintiffs to supply a sufficiency of properly skilled workmen, or of ·materials, or a failure to perform the agreements contained in such contract, provision was made that the owner might, upon three days' written notice, provide such labor and deduct the cost from any money that might become due to the plaintiffs. No such notice was ever given. Furthermore, it appears that the removal of rubbish from the basement was not a part of the work plaintiffs contracted to do, nor were they required to erect tile partitions in the basement, and the evidence utterly fails to show that the plaintiffs agreed to reimburse the defendant contractors for the elevator service, or for the gasoline and coke which it is claimed was furnished.

As to the extra work claimed by the plaintiffs, there appears to be no dispute that the work was done, and that the charges therefor were reasonable, and the only questions to be determined are, were they extra work, and were they properly ordered? It is conceded by the defendants that certain extras were ordered in writing by their superintendent, and that no objection was raised to the allowance of such items, and therefore such charges for which plaintiffs have produced written orders are allowed.

I also allow the plaintiffs the following items: To grinding 2,200 front brick, $210; to fireproofing floor beams, $67.20; to plastering the flanges of beams, $237.24; to extra labor on front 16,949 square feet of face brick, $974.58. I also allow all the items for the plastering work claimed by the plaintiffs, and also for the patching work charged. I disallow 20 loads of rubbish, $40, as it was the duty of the plaintiffs to remove and clean up all rubbish resulting from their work.

Submit findings and decree in accordance with the views herein expressed.