WILLIAM B. REYNOLDS, Respondent, *v.* LYDIA SPENCER and ADDIE J. SPENCER, Appellants.

*Sale — ten months' delay in delivery relieves the vendee from the obligation to accept and pay for the goods.*

Where goods are delivered to a carrier for the vendee ten months after the time at which it was agreed between the parties that the delivery would be made, the vendee is not bound to accept them.

APPEAL by the defendants, Lydia Spencer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schuyler on the 18th day of February, 1895, upon the report of a referee.

*George P. Wood,* for the appellants.

*C. H. Everts,* for the respondent.

MERWIN, J.:

The defendants, in 1893, were partners, doing business at Union Springs, Cayuga county, N. Y., under the firm name of the Spencer

Manufacturing Company, and the plaintiff lived in Hector, Schuyler county. In January, 1893, the plaintiff and the defendants entered into an agreement by which the defendants agreed to make and deliver to the plaintiff on board the cars at Union Springs, on or before the 1st day of May, 1893, one drag saw, with the appurtenances thereto, of the agreed value of seventy-five dollars, which the plaintiff agreed to pay by delivering to the defendants certain property of the value, as the referee finds, of seventy-five dollars and upwards. The plaintiff, in pursuance of the agreement, delivered such property to the defendants on the 13th of February, 1893, and the defendants received the same and appropriated it to their own use. They did not, however, perform on their part by delivering to plaintiff the property which he purchased, and, as the referee finds, it has never been delivered. This action was brought on the 10th of March, 1894, to recover of the defendants the sum of seventy-five dollars as damages for the breach by the defendants of the contract, and the referee has awarded to the plaintiff that amount, with interest from June 1, 1893.

In defense, the main claim of the defendants is that on the 6th of March, 1894, they delivered the property purchased by the plaintiff, on board the cars at Union Springs, billed to the plaintiff, and sent him by mail the shipping bill. This, it is claimed, was under the contract a delivery to the plaintiff, so that the plaintiff, at the time of the commencement of the action, was constructively in possession of the property, and, therefore, not in a position to maintain the action. There is evidence that on the sixth of March the defendants delivered at Union Springs certain articles, and mailed to plaintiff the shipping bill. The plaintiff testifies that he never received the bill, and knew nothing about the delivery at Union Springs until long after the commencement of the suit, and that he refused to receive the property. It is not claimed that the plaintiff ever accepted the property. There is evidence that the articles as delivered at Union Springs did not comprise all the articles that under the contract were to be delivered by the defendants as constituting "the drag saw and its appurtenances." If so, it would not be a good delivery. A delivery to a carrier, to be effective, must be of the quality and description and in amount as called for by the contract. (*Mee* v. *McNider*, 39

Hun, 347; *Gutwillig* v. *Zuberbier*, 41 id. 363; Benjamin on Sales [Bennett's ed.], 330).

Besides, a delivery on the 6th of March, 1894, is not performance of an agreement to deliver on or before May 1, 1893. In Benjamin on Sales (*supra*) it is said that a delivery of goods to a carrier at a much later time than ordered does not bind the purchaser to accept them, citing, among others, the case of *Rommel* v. *Wingate* (103 Mass. 327). But the defendants claim that the time for delivery was extended. On this subject the referee finds on sufficient evidence " that at different times between the time when said drag saw was so to be delivered and the 1st day of January, 1894, the plaintiff requested the defendants to deliver the same to him, as they had agreed to do, and that on or about the last day of August or first of September, 1893, the plaintiff requested the defendants to deliver said drag saw to him immediately, and gave them notice that if they did not deliver the same forthwith that he would have no use therefor, and would refuse to accept the same." This notice was never withdrawn, or modified or waived. At least it should not be said, as matter of law, that there was a waiver. The finding of the referee is in effect against the defendants on this subject. We are of the opinion that the attempted delivery on the 6th of March, 1894, did not bind the plaintiff, and in the absence of an acceptance by the plaintiff is no defense to the action. We are referred to the case of *Dunn* v. *Steubing* (120 N. Y. 235), but that case is very unlike this.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.