## PORTO v. O'REILLY.

(Supreme Court, Appellate Term. April 13, 1911.)

1. LANDLORD AND TENANT (§ 159*)—LEASE—WAIVER.

 Evidence *held* to show that a tenant waived a provision of a lease requiring the erection by the landlord within a reasonable time of a building for a shoe-shining parlor.

 [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 159.*]

2. LANDLORD AND TENANT (§ 158*)—LEASE—BREACH—RESCISSION.

 Where a tenant waived a provision of the lease requiring the erection by the landlord within a reasonable time of a building, he could not thereafter rescind the contract by reason of the default, and recover the sum stipulated to be paid on such breach.

 [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 158.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joe Porto against John J. O'Reilly. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Daniel F. Cohalan (T. A. Leary, of counsel), for appellant.
James M. Ryan, for respondent.

LEHMAN, J. The defendant is the lessee of premises at No. 245 East Eightieth street, used as a liquor store. On April 1, 1910, he executed an agreement with the plaintiff whereby he "leased" to the plaintiff "a suitable house for the purpose of a shoe-shining parlor outside the premises known as No. 245 East Eightieth street, in the borough of Manhattan, city of New York, in the rear of the family entrance of said premises, also the privilege of having a chair inside the store for shining shoes, and the privilege of having a chair outside for shining shoes," at the yearly rent of $300, payable monthly in advance. At the time the lease was made a house for shining shoes had been erected outside the store; but the plaintiff was about to make extensive alterations to the store, necessitating the destruction of the house outside. In contemplation of these alterations, the parties inserted in the agreement a provision as follows:

"And it is hereby covenanted and agreed between the parties hereto that, if the said John J. O'Reilly should be prevented by the city of New York from erecting a suitable house for a shoe-shining parlor as hereinbefore specified, then the said John J. O'Reilly is to pay to Joe Porto $250, and O'Reilly is to have furnishings of said stand. Then the yearly rent of the sum of $150 payable in equal monthly installments on the 1st day of each and every month in advance shall be accepted by the said John J. O'Reilly from the said Joe Porto in full payment for the rent and privilege of a chair inside and chairs outside of said premises for shining shoes."

The plaintiff has recovered a judgment for $250 for the breach of contract arising upon the alleged failure of the defendant to erect a

suitable house for the purpose of a shoe-shining parlor within a reasonable time.

Upon this appeal we must accept as true all the testimony of the plaintiff and such parts of the defendant's testimony as are uncontradicted and unimpeached. This testimony establishes that the repairs to the store were made between April 1st and June 20th; that shortly after June 20th the plaintiff demanded the erection of the small house, and continued to make the same demand every week thereafter; that the defendant did not obtain a permit from the board of aldermen in June, and could not obtain such a permit until the board met in August; that the permit was obtained on August 20th, and the building erected and completed on October 6th; that the plaintiff did not make any demand that the house be finished at any definite time, but stood by and permitted the erection of the house and accepted the keys on October 6th, but only for the purpose of allowing the painters to store their materials; that the plaintiff during this time paid rent of $12.50 per month, but when, on October 9th, he was notified that his rent thereafter would be $25 a month, he quit the premises.

[1] It seems to me that, even if it be conceded that the defendant was in default in failing to erect the house within a reasonable time, the plaintiff waived this default by his attitude of acquiescence, which induced the defendant to incur expense and to proceed with and complete his contract thereafter.

[2] Under such circumstances, the plaintiff cannot rescind the contract by reason of the default and recover the sum stipulated to be paid upon such breach. Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315; St. Regis Paper Co. v. Santa Clara Lumber Co., 186 N. Y. 89, 78 N. E. 701.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.