LOUIS BOCK, Respondent, *against* HUGH R. HEALY, Appellant.

(Decided December 2d, 1878.)

Where goods sold are not delivered until after the contract time for delivery, and are then accepted by the vendee without objection on his part, he is deemed to have waived all objections to the delivery of the goods after the time agreed upon.

In an action to recover an unpaid balance of the purchase price of goods sold and delivered, where the answer by way of defence and counter-claim alleges a special contract and a delay in delivery beyond the contract time, and damages occasioned by such delay, it is for the defendant to allege and prove that his acceptance of the goods was qualified by a reservation of the right to claim damages by reason of the delay in delivery.

APPEAL from a judgment entered upon a decision of the general term of the Marine Court of the city of New York, affirming a judgment entered upon a verdict for the plaintiff rendered at a trial term of that court, and from orders of the general term of that court affirming orders denying a motion for a new trial on the minutes and a motion for a new trial on the ground of surprise, heard upon the case and affidavits.

This action was brought by Louis Bock to recover $534, a part of the price of thirty-seven casks of glucose, about 26,250 pounds, sold and delivered to the defendant.

The complaint alleged that this glucose was sold and de-

livered about Nov. 29th, 1875. The answer, by way of defense and counter-claim, set up a contract between plaintiff and defendant for the sale and delivery of 45,000 pounds of glucose, to be delivered, one-quarter of that amount in each of the months of September, October, November and December, 1875, and alleged the failure of plaintiff to deliver the portion contracted to be delivered in October. For this failure to deliver $200 damages was claimed. The answer, by way of a further defense and counter-claim, set up a contract between plaintiff and defendant for the sale and delivery of 45,000 pounds of glucose, to be delivered, one-third of that amount in each of the months of October, November and December, 1875, and alleged that the plaintiff failed to deliver the October portion, for which failure defendant claimed $225 as damages. The reply admitted these contracts, but denied "that by reason of any non-delivery of any of said glucose the defendant was damaged to the extent set up in the answer." The defendant's counsel in the trial of the cause proceeded upon the theory that the counter-claims were admitted by the reply, except as to the extent of damages, and exceptions were taken to the admission by the court after objection of evidence introduced by plaintiff to account for delays in the arrival from Europe of glucose, which he had agreed to deliver to the defendant. The evidence was conflicting as to whether or not the glucose delivered Nov. 29th, 1875, was accepted by the defendant as the glucose contracted to be delivered in October, 1875.

*George W. Ellis*, for appellant.

*Otto Horwitz*, for respondent.

CHARLES P. DALY, Chief Justice.—It is well settled that when a contract is made for the delivery of goods at a certain time, and they are delivered after that time, without any objection being made on the part of the vendee, that the vendee waives all objection to their delivery after the time agreed upon. (*Baldwin* v. *Farnesworth*, 1 Fairf. 414;

*Smith* v. *Gougarty*, 4 Barb. 614; *Auspach* v. *Heft*, cited in Hilliard on Sales, 3d ed., p. 216, *note;* Hilliard on Sales, 3d ed. 215.)

This action was brought to recover for thirty-seven casks of glucose, averred in the complaint to have been sold and delivered to the defendant on the 29th of November, 1875 ; and that they were delivered to the defendant on that day, and accepted by him, is fully established by the evidence. It is proved, in fact, by his own testimony, and the only question in the case is, whether any objection was made when he received them that they had not been delivered at the time agreed upon, in respect to which the testimony of the defendant is in direct conflict with that of the plaintiff. One thousand dollars of the contract price was paid on the delivery. The plaintiff testified that the defendant, upon paying it, said that he was short of money and would pay the balance afterwards ; whilst the defendant testified that he paid the $1000 only because he had not then ascertained the amount of his damage by the failure to deliver the goods in time, telling the plaintiff that he had a claim for damages, but did not know at that time what it was, but he would have it adjusted and ascertain what was the difference between his claim and the amount remaining of the contract price, which was $534. The question of fact was submitted to the jury in a charge by the judge, in which the law was correctly stated, and the jury found for the plaintiff, which finding is conclusive against the defendant upon the question of fact.

There were, by the agreement, to be deliveries of the glucose, the article contracted for, in the months of September, October, November and December, 1875. The first of these deliveries, which was to be delivered between the 15th and 20th of September, was delivered and paid for in October, so that there is no question in the case in respect to that. The second delivery of thirty-seven casks, amounting to 26,250 pounds, embraced what, by the agreement, was to be delivered in the month of October, but which was delivered and accepted on the 29th of November, upon which the

$1000 was paid, and to secure the balance of tne contract price of which glucose ($534) the action was brought. The remainder of the glucose contracted for was tendered, but the defendant declined to accept it, because it was not delivered within the time contracted for, and the article had then fallen below the contract price in the market.

. The appellant claims that the waiver should have been set up by the plaintiff in reply to the counter-claim, and was, therefore, under the pleadings, unavailable. He refers to it as an affirmative defense to the counter-claim. This objection is not tenable. All the plaintiff had to show to recover was, that he delivered the thirty-seven casks, and that the defendant accepted them, which he did show and which the jury have found. If the acceptance was qualified by an objection on the part of the defendant that he accepted them, subject to his claim for damages for the failure to deliver them in time, it was for him to show this to recoup or counter-claim his damages in the action brought to recover the balance of the contract price, which he undertook, but failed to do to the satisfaction of the jury, who found against him; the effect of their verdict being that he had no counter-claim.

The judgment, therefore, should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed with costs.