JAMES DUNN, Respondent, *v.* HENRY STEUBING, Appellant.

A party to a contract containing a provision that it shall not be altered, modified or changed except by a written agreement signed by both parties, may, by conduct, estop himself from enforcing the provision against a party who has acted and relied on the conduct.

Plaintiff contracted to excavate certain lots for defendant within a time named; it was provided that time should be of the essence of the contract, and that plaintiff's failure to complete it within the time specified

would operate to defeat his right to recover for any part of the work done, and that no part of the conditions or covenant could be altered, modified or changed except by a writing signed by both parties. In an action to recover a balance alleged to be due on the contract, it appeared that plaintiff did not complete the work within the time agreed upon, and failed to show a written modification or waiver of perform· ance. He proved, however, that he continued the work after the day fixed for its completion with defendant's knowledge; that estimates of quantities of material thereafter removed were furnished by an engineer to defendant, who continued to make payments on account of the work. It also appeared that, at defendant's request, the quantity of material to be removed was increased after the execution of the contract. *Held,* that while, upon plaintiff's failure to perform by the day fixed, defend· ant might have insisted on his strict legal rights and thus put an end to the contract, having permitted plaintiff to continue the perform· ance, he could not insist on the delay as a defense to this action

Reported below, 23 J. & S. 533.

(Argued March 19, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 25, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover a balance claimed to· be due upon a contract.

December 11, 1882, the parties executed a written contract by which the plaintiff promised to excavate and remove the rock and earth to the level of the street curb· from four city lots before August 1, 1883, for a certain price per cubic yard, which the defendant agreed to pay. On March 13, 1884, the contract had been partly performed, and on that day the parties executed a second written contract which superceded the first, and by which the plaintiff agreed to excavate and remove the rock and earth from the lots to the depth of at least seven feet below the curb for a certain price per cubic yard, which the defendant agreed to pay. The work on two of the lots was to be finished by May 13, 1884, and on the other two lots by June 13, 1884.

The contract contains this stipulation :

" It is expressly covenanted that time shall be of the essence hereof, and the failure of the party of the second part fully and fairly to complete all the promises and conditions of this agreement within the time hereby limited for the completion hereof, shall operate to defeat his right to recover under this agreement, or for any part of the labor performed hereunder, either in an action on the contract or for services performed on a *quantum meruit.* No part of the conditions of this agreement or the covenants thereof can be waived, altered or modified by either of the parties except by a writing duly signed and subscribed by both parties to these presents, and neither of the parties to this instrument shall, at any time, urge or contend in any court of law or equity for a waiver or modification of this agreement, unless such modification is evidenced by writing."

Under the defendant's direction, the plaintiff began to excavate the two northerly lots, and continued until April fourteen, when by the direction of the defendant, he stopped work on those lots and began to excavate the two southerly ones. It is conceded that the work was not completed within the time limited. The plaintiff testified that the work provided for in the contract and certain additional work was completed by the middle of August. The defendant testified that the work was not completed until November.

Further facts appear in the opinion.

*Samuel Untermeyer* for appellant. The court erred in refusing to dismiss the complaint; the part of the twenty-five per cent balance sued for was conditional on strict performance; there was confessedly no performance, nor was there a waiver either by consent or by the acts of the defendant. (*Smith* v. *Clark,* 5 N. Y. S. R. 165; *P. Bank* v. *Mitchell,* 73 id. 407; *Flood* v. *Mitchell,* 68 id. 508; *Glacius* v. *Black,* 50 id. 145; *Butler* v. *Butler,* 77 id. 472.)

*E. Ellery Anderson* for respondent. Steubing, by directing the prosecution of this work after June 13, 1884, is estopped from denying his liability to plaintiff for work done

by him after that date. (*Gallagher* v. *Nichols*, 16 Abb. Pr.
[N. S.] 337; 60 N. Y. 438; *Smith* v. *Gugerty*, 4 Barb. 614;
*Stewart* v. *Keteltas*, 36 N. Y. 388; *Hickman* v. *Pinckney*, 81
id. 211; *Weeks* v. *Little*, 89 id. 566; *H. Bank* v. *Drumgoole*,
109 id. 63; *Riley* v. *Smith*, 64 id. 576; *Jewell* v. *Schroepfel*,
4 Cow. 564.) The provision in the contract that none of its
terms can be waived, modified or altered except by writing,
can itself be waived by the parties. (*Mead* v. *Parker*, 111
N. Y. 259; *Smith* v. *Alker*, 102 id. 87.)

FOLLETT, Ch. J. The sum earned by the plaintiff in exca-
vating and removing material at the price per yard agreed on
was $14,476 and he had been paid $12,363.66, leaving
$2,112.34, which he seeks to recover in this action. The
defendant insists that the plaintiff's failure to perform the
work within the time limited, is a defense to the plaintiff's
claim, and that by reason of the failure, he is entitled to
recover damages to the amount of $2,400 at the rate of $600
per month for the loss of the use of the property.

The trial court instructed the jury:

"I charge you that before the plaintiff can recover in this
action he is bound to prove to your satisfaction, either that he
performed the agreement of March 13, 1884, and finished the
work there provided to be done within the time fixed by that
agreement, or that the defendant has consented to or waived
the performance of the agreement within the time fixed.
Time was of the essence of the agreement between the parties,
and the failure of the plaintiff to fully complete the work
within the time limited by the contract for its completion
operated to defeat his right to recover in this action, unless
you find that the defendant by his own acts caused the delay
complained of by him.          *          *          *

"Under this contract the plaintiff was required to have the
work compled on the 13th day of June, 1884. He did not.
Then there was an obligation upon the defendant; that obli-
gation was this: it was then the duty of the defendant to
stop the plaintiff's work, or, if he allowed him to go on and

work without protest he must pay him for the work that he did ; if he wished to insist upon a forfeiture, if he wished to insist upon the strict terms of the contract, it was then his duty so to insist.     *     *     *

"The defendant makes a counter-claim and, under the view of the law I have taken, he had the right to let plaintiff go on and complete his work, and then he had the right to say, as he said in this action, I will pay you for the work that you have done for me, but I want the damages that you have caused me by the delay in doing my work as you have agreed to do it.    And it is for you to determine from the evidence what those damages were, if he has sustained any damages. If the damages equal the amount that I have stated as due the plaintiff under the contract, then your verdict will be for the defendant.    If the damages do not equal that amount you will make the computation, and if the damages exceed the amount you will give your verdict for the defendant for such an amount."

Under these instructions the jury deducted $956.34 from the plaintiff's claim and gave him a verdict for $1,154.

The defendant asked the court to dismiss the complaint on the ground that the plaintiff, not having performed the contract within the time limited, nor established a written modification thereof or waiver of its performance in the time and manner agreed on, was not entitled to recover.    This proposition was presented in various forms during the trial, by requests to charge and by objections to the admissibility of evidence of performance after the time fixed by the contract.

It is conceded that the plaintiff continued in the performance of the contract after the day fixed for the completion of the improvement with the defendant's knowledge, and it appears that estimates of quantities of material removed were afterwards furnished by an engineer to the defendant, who continued to make payments on account of the work.    It also appears that on defendant's request the quantity of material to be removed was increased after the execution of the contract.

Upon the failure of the plaintiff to perform by the day fixed, the defendant might have insisted on his strict legal rights and then put an end to the contract, but this he did not do, but permitted the plaintiff to continue the work, and for this reason he cannot now insist on the delay as a defense to an action brought to recover the price of the work. (*Jewell* v. *Schroeppell*, 4 Cow. 564; *Gallagher* v. *Nichols*, 60 N. Y. 438; *Lawrence* v. *Dale*, 3 Johns. Ch. 23; *McNiven* v. *Livingston*, 17 id. 436; Leake on Cont. 850; Pollock on Cont. 464; 2 Whart. on Cont. §§ 887, 888.)

A party to a contract containing a provision that it shall not be altered, modified or changed, except by a written agreement signed by both parties, may, by conduct, estop himself from enforcing the provision against a party who has acted on and relied upon the conduct.

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting

Judgment affirmed.