SIDNEY B. ROBY, APPELLANT, v. THOMAS J. REYNOLDS,. RESPONDENT.

*Waiver — of delay in delivery of goods.*

In an action brought to recover the price of certain sets of harness delivered by Sidney B. Roby to Thomas J. Reynolds, the latter set up a breach of warranty, and also a counter-claim for delay in delivery, and succeeded upon the counter-claim.

Upon the trial it appeared that when the harness was ready for shipment Reynolds. went to the store of Roby, said he had not time to examine the articles, but would take them if the salesman would warrant them in every respect, and he testified that the salesman did so warrant them. The harness was accordingly sent to Reynolds, who afterwards sent his check to Roby for nearly the whole amount of the claim, which was returned.

*Held,* that these acts of Reynolds constituted a waiver of any claim for delay in the delivery, and that a recovery upon the counter-claim was improper.

APPEAL by the plaintiff Sidney B. Roby from a judgment of the County Court of Monroe county, entered, after a trial before the court and a jury, in the clerk's office of Monroe county on the 24th day of December, 1891, upon a verdict for the plaintiff for twenty-five dollars and ten cents, under which judgment the costs were awarded to the defendant, less said sum of twenty-five dollars. and ten cents.

It appeared upon the trial of the action, which was brought to recover for goods sold, that a check in payment therefor had been sent by Reynolds, the purchaser and defendant, to the plaintiff. Roby, who had sold the goods, and who refused to accept it because Reynolds had deducted three per cent from the purchase-price for the cash payment, which discount Roby was not willing to allow.

*E. Van Voorhis,* for the appellant.

*E. A. Nash,* for the respondent.

DWIGHT, P. J.:

The action was to recover the sum of $160, being the agreed price of five sets of double harness sold and delivered by the plaintiff to the defendant. The answer admitted the sale and delivery of the harness, and alleged, first, as a defense, a breach of warranty of the

quality of the goods; and, second, as a counter-claim, damages by reason of delay in the delivery of the goods.

The evidence showed that, some months before, the defendant had bought of the plaintiff one set of double harness, made at Clyde, and that the bargain in this case was for five sets of similar harness to be made at the same place. There was evidence on the part of the defendant which tended to show that it was warranted by the plaintiff that the harness should be in all respects like the former set, and of No. 1 oak-tanned leather; also that the plaintiff was informed at the time that the harnesses were to be used in the business of lumbering in Pennsylvania on a lot of horses which the defendant had bought in Canada, and which would be delivered in one week from that time, and that the plaintiff agreed that the harnesses should be delivered in one week. The counter-claim was for damages by reason of a delay of seven days or more in the delivery of the harnesses after the horses had arrived. Evidence was received, under the objection of the plaintiff, tending to show that the work of five men and teams, rendered idle for want of the harnesses, was worth twenty dollars a day, and this evidence was submitted to the jury, under the exception of the plaintiff, as possible ground of a counter-claim of $140, viz., twenty dollars a day for seven days, and this was the amount of the counter-claim allowed by the jury. The verdict was for the plaintiff for twenty dollars, and the defendant had judgment for the balance of his costs, after deducting that sum.

We think the learned County Court erred in submitting the counter-claim to the jury under the evidence in the case as to what took place at the time the harnesses were accepted by the defendant. That acceptance, it is true, was qualified in respect to the quality of the goods, but was without any qualification in respect to the time of their delivery. As was to have been expected, the evidence was directly conflicting on the question of the time when the harnesses were to be completed and delivered, but the undisputed evidence is that, after they were completed and the defendant notified, he went personally to the store of the plaintiff, where the harnesses were exhibited to him in the boxes in which they had come, and he was invited to inspect them. This, he himself testified, he declined to do, as, by doing so, he would lose a train which he wished to take, but consented that the harnesses should be shipped

as they were, if the plaintiff's salesman would warrant them in every respect. He testifies: "He (the salesman), said he would warrant them to be A No. 1 oak-tanned leather; if not, they would make them good or take them back, and I said to have them shipped." Here was, so far as the time of delivery was concerned, an absolute and unqualified acceptance of the harnesses, without any complaint of delay or intimation that such cause of complaint existed; and it is shown by further undisputed evidence that the defendant afterwards sent to the plaintiff his check for the price of the harnesses, less only a small deduction for some straps or parts which were said to be missing. We think this evidence shows a waiver of any claim for delay. If any such claim existed, the grounds of it were fully known to the defendant at the time, and, so far as appears, were entirely unknown to the plaintiff. It was the duty of the defendant, then, to make it known to the plaintiff if he intended to rely upon it. It is not to be supposed that the plaintiff would have parted with the property if he had had reason to suppose that the defendant was to make a claim thereafter for nearly the entire price of the goods for previous delay in their delivery. We think the acceptance of the goods at the time shown by the evidence, without complaint or suggestion of any violation of the contract in respect to the time of delivery, was a waiver of such ground of complaint if any then existed; and the subsequent offer of payment in the regular course of business, without mention of any such drawback, was an apparent admission either that no such ground of complaint existed, or that it had been conclusively waived.

For the error involved in the submission of this cause of counterclaim to the jury upon the evidence as it stood, the judgment should be reversed and a new trial granted.

MACOMBER and LEWIS, JJ., concurred.

Judgment of the County Court of Monroe county appealed from reversed and a new trial granted, with costs to abide the event.