GENERAL ELECTRIC COMPANY, Respondent, *v.* NATIONAL CONTRACTING COMPANY, Appellant.

1. SALES — ORAL MODIFICATION OF WRITTEN AGREEMENT. A written contract of sale stipulating that no modification thereof shall be binding unless in writing duly accepted by the parties may, by their assent, be orally modified as to time of performance; and where it is found, as a matter of fact, in an action brought for the purchase price that the time of delivery was changed in the interest and for the accommodation of both parties, and that the defendant not only permitted the plaintiff to manufacture the articles after the time specified in the contract, but was willing that it should do so, the defendant is, under the circumstances, estopped from setting up the defense of non-performance as to time.

2. TRIAL — APPEAL — WHERE OBJECTION TO ERRONEOUS ADMISSION OF EVIDENCE OBVIATED BY AMENDMENT OF PLEADINGS. Where plaintiff is permitted by the referee, during the trial of an action and upon terms,

to serve an amended complaint, whereupon the defendant served an amended answer in which a counterclaim was set up in addition to the matter originally pleaded, exceptions taken by the defendant to certain testimony admitted before the pleadings were amended are not available on appeal where such amendments obviated all objection to the testimony, since the referee had power to permit the amendments and the pleadings having been made sufficient to cover the testimony the objection disappears.

3. RIGHTS OF VENDOR WHEN PURCHASER REFUSES TO ACCEPT OR PAY FOR GOODS — INTEREST. Where the purchaser of machinery to be delivered and installed at a specified time refused to accept or pay for the same, the vendor may sell it at public auction, upon due notice, and maintain an action against the purchaser for the purchase price thereof after deducting therefrom the amount received at the auction sale and the cost of installing the machinery, together with interest on such balance from the time of the purchaser's default.

*General Electric Co.* v. *Nat. Contracting Co.*, 85 App. Div. 622, affirmed·

(Argued April 8, 1904; decided April 26, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 2, 1903, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The original complaint alleged full performance by the plaintiff of all the terms and conditions of the contract, and the learned referee, after objection that evidence tending to show waiver of performance was inadmissible, and the reception of such evidence under exception, had no power to allow an amendment of the complaint to conform to the proof. (*Rutty* v. *C. F. J. Co.*, 52 Hun, 492; *Barnes* v. *Seligman*, 55 Hun, 339; *Beard* v. *Tilghman*, 66 Hun, 12; *Charlton* v. *Rose*, 24 App. Div. 485; *Bossert* v. *Poerschke*, 51 App. Div. 384; *Rowe* v. *Gerry*, 86 App. Div. 349; *Quinby* v. *Claflin*, 75 N. Y. 207.) Time was of the essence of the contract, and the plaintiff having pleaded full performance of all the terms and conditions of the contract, including performance as to time, it was error to allow evidence tending to show waiver of per-

formance. (*Lake* v. *McElfatrick*, 139 N. Y. 349; *Norrington* v. *Wright*, 115 U. S. 188; *C. R. M. Co.* v. *Rhodes*, 121 U. S. 255; *Browne* v. *Patterson*, 165 N. Y. 460; *Pope* v. *Porter*, 102 N. Y. 366; *Welsh* v. *Gossler*, 89 N. Y. 540; *Odell* v. *Hoyt*, 73 N. Y. 343; *Higgins* v. *D. & L. R. R. Co.*, 60 N. Y. 553; *Levey* v. *Burgess*, 64 N. Y. 390; *Tobias* v. *Lissberger*, 105 N. Y. 404.) The modification of the contract claimed by the plaintiff and found by the referee being simply oral, and not in writing, could not, in any event, have the effect of relieving the plaintiff from performance as to time. (*Woodruff* v. *R. & P. R. R. Co.*, 108 N. Y. 39; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 593; *Sutherland* v. *Morris*, 45 Hun, 259; *L'Hommedieu* v. *Winthrop*, 59 App. Div. 192.) The sale of the property was not conducted in a *bona fide* manner, and under such conditions as would tend to realize the real value thereof, because it was not exposed to view at the time of the sale, but was boxed on cars, and no sufficient opportunity was given to independent bidders to ascertain the real nature and worth of the apparatus. (*Moore* v. *Potter*, 155 N. Y. 482; *Ackerman* v. *Reubens*, 167 N. Y. 405.) The damages awarded being for a breach of the contract, and in their nature unliquidated, it was error to allow interest on the recovery. (*White* v. *Miller*, 71 N. Y. 118; *McMaster* v. *State*, 108 N. Y. 542; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Gray* v. *C. R. R. of N. J.*, 157 N. Y. 483; *Sloan* v. *Baird*, 162 N. Y. 327; *Delafield* v. *Vil. of Westfield*, 41 App. Div. 24; 169 N. Y. 582; *Chauvet* v. *Ives*, 173 N. Y. 192.)

*Richard Lockhart Hand, Edgar T. Brackett* and *James O. Carr* for respondent. On the failure of a purchaser to accept and pay, the vendor may sell the property, acting as the agent for this purpose of the vendee, and recover the difference between the contract price and the price obtained on such resale. (*Dustan* v. *McAndrew*, 44 N. Y. 72; *Moore* v. *Potter*, 155 N. Y. 481.) The defendant having permitted the

plaintiff to go on with the work after the specified day, is
estopped to claim that this was not performance of the con-
tract. (*Gallagher* v. *Nichols*, 60 N. Y. 438, 448; *Dunn* v.
*Steubing*, 120 N. Y. 232, 237; *Sinclair* v. *Tallmadge*, 35
Barb. 602, 607; *Smith* v. *Wetmore*, 167 N. Y. 234, 239;
*Burke* v. *Educational Alliance*, 23 Misc. Rep. 163; *Hubbell*
v. *Von Schoening*, 49 N. Y. 326; *Pope* v. *T. H., etc., Co.*,
107 N. Y. 61; *Thompson* v. *Poor*, 147 N. Y. 402; *Homer*
v. *G. Ins. Co.*, 67 N. Y. 478; *Kennedy* v. *Monahan*, 53
App. Div. 421.) The sale was fairly made, in good faith, and
all of the property was sold. (*Moore* v. *Potter*, 155 N. Y.
481; *Ackerman* v. *Reubens*, 167 N. Y. 405.) The amend-
ment of the complaint was proper and properly made, and the
objections of the defendant, previously taken, were thereby
obviated. (*Rutty* v. *C. F. J. Co.*, 52 Hun, 492; *Barnes* v.
*Seligman*, 55 Hun, 339; *Beard* v. *Tilghman*, 66 Hun, 12;
*Charlton* v. *Rose*, 24 App. Div. 485; *Bossert* v. *Poerschke*,
51 App. Div. 381; Code Civ. Pro. § 1018; *Nichols* v. *S. S.
Co.*, 137 N. Y. 471; *Knapp* v. *Fowler*, 26 Hun, 200; *Bul-
lock* v. *Bemis*, 40 Hun, 623; *Smith* v. *Wetmore*, 41 App.
Div. 290; *Reeder* v. *Sayre*, 70 N. Y. 180; *Harris* v. *Tum-
bridge*, 83 N. Y. 92; *Price* v. *Brown*, 98 N. Y. 388.)

O'BRIEN, J. Both parties to this action are domestic cor-
porations. The plaintiff is extensively engaged in the manu-
facture and sale of all kinds of electrical appliances and
apparatus and the defendant, as its name indicates, is a con-
tracting company.

On the 15th day of June, 1900, they entered into a written
contract whereby the plaintiff agreed to manufacture, deliver
on board the cars and install for the defendant certain electric
machinery and appliances, for which the defendant agreed to
pay sixty-five thousand dollars, one-third cash on delivery,
one-third in thirty days thereafter and the balance in sixty
days. In this action the plaintiff sought to recover damages
for the defendant's alleged breach of this contract and it had
judgment upon the trial before the referee, which has been

unanimously affirmed by the learned court below. The referee's findings of fact, which appear at length in the record, must, therefore, be treated as conclusive. The machinery and appliances that the plaintiff contracted to make and deliver to the defendant are described in the written contract and specifications in great detail and the names or character of the articles need not be referred to since there is no question raised, so far as the record discloses, that they are not in accordance with the contract. By the terms of the agreement, as originally made, a part of the property was to be delivered on January first, 1901, and a part on the first of February following, and it is admitted on all sides that no delivery was made on these days, and out of this fact arises the principal question of law involved in the case.

But the learned referee has found that time was not of the essence of the contract and that by mutual verbal agreement between the parties the time of delivery was extended and the defendant waived performance on these days. He has also found that on the 15th day of April, 1901, the plaintiff had boxed and packed all the various articles described in the contract and delivered all on board the cars at its place of business within the time provided by the agreement as extended by the verbal conferences between the parties above referred to, and that the defendant refused to receive or pay for the property and thereby was and is in default of performance. The written contract contained an express provision as follows : " No modification of this accepted agreement shall be binding upon the parties hereto or either of them unless such modification shall be in writing duly accepted by the purchaser and approved by an executive officer of the company.". If it was legally possible for the parties to extend the time of performance fixed by the written agreement otherwise than by writing, it is quite apparent that they have done so as matter of fact, and herein lies the principal contention on the part of the defendant in support of this appeal.

It is found that, at the time of making the contract, it was understood by both of the parties and known to the plaintiff

that the machinery and apparatus to be manufactured, mentioned and described in the agreement were for the Hudson River Water Power Company, a corporation located at, or having a place of business and for the installment of such machinery and manufactured articles at Spier's Falls, on the Hudson river, and that before the first day of January, 1901, when the first articles were to be delivered under the contract, it was known to both parties that differences had arisen between the defendant and the power company of such moment that it was apparently certain that if the machinery and apparatus mentioned and described in the contract should be completed and furnished for delivery the same would not be accepted from the defendant by the power company. But, notwithstanding the differences between the defendant and the power company, there was no abandonment of the contract between the plaintiff and the defendant, nor any request by the defendant to be relieved from the contract. It is found that conferences were had between the representatives of the plaintiff and the representatives of the defendant with reference to the fulfillment of the contract as it had been modified, and the result of such conferences was that it was understood by and between the parties that a literal fulfillment by the plaintiff of the contract was not necessary in so far as the matter of time was involved. The findings are substantially to the effect that inasmuch as there was doubt about the power company taking the property from the defendant, neither party to this action was particular as to the time of delivery, and hence the verbal arrangement for delivery at a later day than was stipulated in the writen contract. It seems that the plaintiff could have manufactured and delivered the articles embraced in the contract within the time specified in the writing, and would have done so except for the attitude of the defendant, which led the plaintiff to believe that delivery on the days mentioned was not necessary. It is quite apparent that since there was some difficulty or misunderstanding between the defendant and the power company, which was ultimately to receive the property as a part of its

plant, the delay on the part of the plaintiff in pushing the manufacture and delivery was not unreasonable and that it acted in entire good faith.

We think that, under these circumstances, the defendant cannot escape responsibility on the ground that the extension of the time of performance by the plaintiff was not in writing. That was a stipulation which the parties, for their mutual convenience, could have waived or disregarded. According to the findings of fact a situation had arisen between the defendant and the power company that had not been foreseen at the time of the execution of the contract and it would seem to be only reasonable to say that the parties to this contract could have accommodated themselves to this new situation without writing. (*Dunn* v. *Steubing*, 120 N. Y. 232; *Thomson* v. *Poor*, 147 N. Y. 402; *Homer* v. *Guardian Mut. L. Ins. Co.*, 67 N. Y. 478; *Quick* v. *Wheeler*, 78 N. Y. 300.) The defendant could, no doubt, have insisted upon strict performance of the contract according to the written instrument and had it assumed that position the plaintiff would then know where it stood, but the defendant permitted the plaintiff to go on with the work after the specified date, and indeed was willing that it should do so, and hence we think it is estopped to claim that this was not performance of the contract. Excuse for non-performance by the plaintiff on the precise day is not the plaintiff's position, but it insists that it is a case of performance because the defendant is estopped, under the circumstances of the case, to deny it. (*Gallagher* v. *Nichols*, 60 N. Y. 438, 448; *Smith* v. *Wetmore*, 167 N. Y. 234.) It is, undoubtedly, true that in many cases of mercantile contracts time is of the essence. There are numerous authorities which may be cited in support of that proposition, but this was a contract to manufacture and deliver goods at a specified day in the future and the time of delivery was changed in the interest and for the accommodation of both parties. It was, therefore, in the power of the parties to change the terms of the contract by parol as to time. It is found that they did actually make the change, and

the defendant, under the circumstances of the case, is estopped from setting up the defense of non-performance as to time.

The trial of the action proceeded for several days under the original complaint which alleged that the time of performance had been duly extended to March 1. The learned referee admitted testimony under defendant's objection and exception, tending to prove by parol that the time of performance had been further extended in the conferences between the, parties after the date specified in the contract. It is claimed that the admission of this testimony was error. It is not necessary to decide whether or not it was strictly admissible under the original complaint, since it appears that on the trial the referee permitted the plaintiff upon terms to amend the complaint. A new and amended complaint was then actually served in the case and the defendant served an amended answer in which a counterclaim was set up in addition to the matter originally pleaded. Therefore, if the testimony was not admissible under the original complaint it certainly was admissible under the amended complaint, and so we think the amendment of the pleadings thus had obviated all objection to the testimony, and hence the exceptions are not now available. The referee had power to permit the amendments and the pleading having thus been made sufficient to cover the testimony the objection disappears. (*Nat. Bank of Deposit* v. *Rogers,* 166 N. Y. 380; *Nichols* v. *Scranton Steel Co.,* 137 N. Y. 471; *Smith* v. *Rathbun,* 75 N. Y. 122; *Smith* v. *Wetmore, supra.*)

It appears that in the month of August following the refusal of the defendant to receive the property or pay for it the plaintiff upon public notice sold the property at auction for something over thirty thousand dollars. This it had the right to do. There is no question for this court with reference to the fairness of the sale. The defendant having refused to receive the appliances, the right of the plaintiff to make a fair sale cannot well be questioned. It was a part of the plaintiff's contract to install the machinery and to wire the plant, but inasmuch as the defendant refused to receive the

property and since there was no plant provided in which it could be installed the plaintiff is not at fault in that respect. The referee deducted from the recovery the sum which it would cost the plaintiff to perform in that respect, and hence the defendant has no ground of complaint. We think that interest was properly included in the recovery from the time of the defendant's default. The price of the property was fixed by the contract. The deductions in favor of the defendant on account of the sum received at the sale and the allowance in consequence of being relieved from the expense of installing the appliances and wiring the plant and some other matters embraced in the referee's report, when taken from the purchase prices, represents the damages which the plaintiff is entitled to recover. We think they were liquidated in the sense that the plaintiff was entitled to interest. (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *De Lavallette* v. *Wendt*, 75 N. Y. 579, 582; *Mygatt* v. *Wilcox*, 45 N. Y. 306; *McMahon* v. *N. Y. & Erie R. R. Co.*, 20 N. Y. 463; *Gray* v. *Central R. R. Co., of N. J.* 157 N. Y. 483.) We think that the record presents no error of law sufficient to warrant any interference with the judgment, and so it must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.