GEORGE A. OHL & CO. v. HENRY L. LEWIN CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

SALES (§ 176*)—DELAY IN DELIVERY—WAIVER.

By permitting plaintiff to proceed with the manufacture of machinery, which defendant had agreed to buy, after the time fixed for delivery, defendant waived the delay as ground for refusal to receive the machinery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. § 176.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by George A. Ohl & Co. against the Henry L. Lewin Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

James I. Moore, for appellant.
Thomas C. Larkin, for respondent.

LEHMAN, J. The plaintiff sues upon a contract by which it agreed to furnish, and the defendant agreed to pay for, certain machinery. The defendant presented no evidence, but rested at the close of the plaintiff's case, claiming that the plaintiff has affirmatively

shown that it did not comply with its contract. The trial justice has given judgment for the defendant.

It appears that on January 24th the defendant gave the plaintiff an order as follows:

"George A. Ohl & Co., 155–161 Oraton Street, Newark, N. J.—Gentlemen: You will please enter our order for one 15' power press or brake made from your regular 10' 6" weight about 28,000 lb. press patterns and to weigh about 32,000 lbs., $1,775, net f. o. b. factory; one (1) 9"x49" power crimper 1/4" pitch, $435. * * *

"The above machines and dies to be ready for shipment in three weeks, and to be tested and accepted at your factory when ready for shipment. Terms, net 60 days, or 2% for cash in ten days.

"Yours truly,                    Henry L. Lewin Co.,
                                 "Wm. Kennedy, Mgr."

There is no dispute that the crimper was not ready within three weeks from the date of this order. It was completed only on April 13th, and was then refused by the defendant. The defendant claims that failure to complete within three weeks was a breach of contract by the plaintiff, and relieved him of any obligation to accept or pay for the machine, while the plaintiff claims that the three weeks clause was indefinitely extended by the parties.

The correspondence which passed between the parties after January 24th is in evidence, and this correspondence shows that, while the plaintiff began work on this order as soon as it was received, it refused to accept the provision that credit should be extended to defendant for 60 days, and, until that point was adjusted, the minds of the parties had not fully met, and no binding contract was in existence. Only on February 14th, the exact date on which they claim that the machine should have been finished, did they agree to the terms of payment demanded by the plaintiff. On February 22d the plaintiff wrote:

"We have your favor of the 21st and are rushing forward the completion of your press and dies with all speed possible. We expect to have the press finished this week and are making good progress with the dies.

"Our plant is running over time every night which will aid us greatly in giving you the earliest possible delivery consistent with good workmanship."

On March 11th the plaintiff wrote:

"As understood with your Mr. Kennedy this afternoon you will please give the bearer your check for $1,686.25 which represents the purchase price of $1,775 less 5% for cash when machine is finished."

The correspondence shows that right up to April 13th the plaintiff was proceeding with its contract, the defendant was receiving and paying for the goods, and there is not one single word of protest about the delay in furnishing the crimper, and not a suggestion that defendant claimed that the contract was broken by this delay. Even on April 13th the plaintiff claims that he telephoned that the crimper was ready for inspection, and Henry L. Lewin personally said he would examine it. Thereafter, however, the plaintiff received a letter from defendant stating that they had found it impossible to wait any longer for the crimper, and had purchased one elsewhere.

I think that the words used by the Court of Appeals in General

Electric Company v. National Contracting Co., 178 N. Y: 369, 375, 70 N. E. 928, 929, are applicable to this case:

"The defendant could, no doubt, have insisted upon strict performance of the contract according to the written instrument, and had it assumed that position the plaintiff would then know where it stood, but the defendant permitted the plaintiff to go on with the work after the specified date, and, indeed, was willing that it should do so, and hence we think it is estopped to claim that this was not performance of the contract."

In Dunn v. Stenbing, 120 N. Y. 232, 237, 24 N. E. 315, 316, the court said:

"Upon the failure of the plaintiff to perform by the day fixed, the defendant might have insisted on his strict legal rights and then put an end to the contract, but this he did not do, but permitted the plaintiff to continue the work, and for this reason he cannot now insist on the delay as a defense to an action brought to recover the price of the work."

See, also, St. Regis Paper Co. v. Santa Clara Lumber Co., 186 N. Y. 89, 78 N. E. 701.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.