(167 App. Div. 42)

BAILEY v. ELM CITY LUMBER CO.   (No. 79/44.)

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1915.)

1. SALES ☞176—CONTRACTS—MODIFICATION—EFFECT.
   Where a seller failed to deliver within the time specified, and thereafter definitely stated when a shipment could be commenced and completed, and offered the buyer the option of canceling the contract, and the buyer canceled it in part, there was a new contract stipulating for a new time of delivery, and the buyer waived all claims up to that time for damages for delay.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. ☞176.]

2. SALES ☞176—CONTRACTS—DAMAGES FOR NONDELIVERY.
   A buyer, requesting delivery after the seller's breach of contract for failing to deliver within the time specified, thereby waives time of delivery, but does not necessarily waive his claim for damages for delay.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. ☞176.]

3. SALES ☞413—CONTRACTS—ACTIONS—ISSUES, PROOF, AND VARIANCE.
   A complaint for breach of contract of sale is not sustained by proof of a new contract, fixing a new time for delivery by the seller, and breach thereof by the seller.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1166–1169; Dec. Dig. ☞413.]

Appeal from Trial Term, Chautauqua County.

Action by Ernest J. Bailey against the Elm City Lumber Company. From a judgment for plaintiff, entered on the decision of the court at jury term without a jury, defendant appeals.   Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, and MERRELL, JJ.

James L. Weeks, of Jamestown, for appellant.
William S. Sterns, of Fredonia, for respondent.

PER CURIAM. The action is for breach of contract in the sale and delivery of a quantity of lumber, which the defendant agreed to sell and to deliver to the plaintiff at Westfield, N. Y.

[1] Plaintiff resides at Brocton, N. Y., and the defendant is a corporation at Newbern, N. C. The order for this lumber was placed in April, 1911, and required immediate shipment thereof. Its receipt was acknowledged April 24, 1911, and the acknowledgment contained a recital that shipment would be made "in about as soon as possible,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

providing cars can be secured, and providing we do not encounter inavoidable delays." From then on until June 15, 1911, the record discloses frequent demands for shipment on the part of plaintiff and as frequent excuses for delay on the part of the defendant. On June 15th the defendant by letter definitely stated that shipment could not be completed short of 30 or 40 days, and could not be commenced for 10 days or 2 weeks, and offered the plaintiff the option of canceling the order, if he desired. On June 21, 1911, the plaintiff replied to this communication, accepting the right of cancellation in part, and canceling a portion of his prior order.

Here, then, was a new contractual situation between the parties. The subject of the contract was varied, a new time for delivery was selected, and the transaction amounted to a waiver and satisfaction of all claims by the plaintiff, up to that time, for damages for delay in shipment theretofore. Rice, B. & F. M. & I. Co. v. Hoffman-Youmans P. Mills, 158 App. Div. 309, 143 N. Y. Supp. 249. From that time on again the record contains frequent appeals for shipment by plaintiff, and as frequent excuses and promises on the part of the defendant. No doubt, upon a breach occurring following the contract consummated by plaintiff's letter of June 21st, the plaintiff had the right to his election to terminate the contract and sue for his damages, both for delay and for additional expense to him by his having to purchase elsewhere.

[2] He did not exercise this option, however, but continued to appeal for and demand shipment in all of his communications to the defendant which appear in this record. Eventually from Chicago, on July 10, 1911, the plaintiff wired defendant asking when the balance of the order could be shipped, and to that wire the defendant replied, promising to ship one car that week, two the next week, and the balance the third week, barring unforeseen delays. Eventually, and on July 21, 1911, plaintiff wrote his last letter to defendant, asking them to hurry along the material on this shipment. On its arrival at the point of delivery, plaintiff refused to accept the delivery, and levied an attachment upon that portion of the lumber delivered, by means of which attachment he obtained jurisdiction to enforce the lien secured thereby. Later the defendant appeared in the action and served an answer.

Plaintiff has had judgment as for damages occasioned through the breach of the original contract made in April, 1911. That judgment cannot stand. As above pointed out, a new contract was made in June, which, as a matter of law, satisfied and extinguished all claims for damages up to that time. In no event could plaintiff recover any damages for delay preceding the making of that new contract. We cannot, however, accede to defendant's contention that the repeated and continued requests for delivery after a breach by the defendant in that particular bar all claim for damages in this case. Probably such are sufficient to bar the right of the plaintiff to refuse to receive this lumber at a later date than that contracted for, but such request is a waiver as to delivery only to the time the request was made, and such extension of time of delivery does not necessarily conclude plaintiff in his claim for damages for delay. Rice, B. & F. M. & I. Co. v. Hoffman-Youmans P. Mills, 158 App. Div. 309, 143 N. Y. Supp. 249; Beyer v.

Huber, 115 App. Div. 342, 100 N. Y. Supp. 1029; Reading Hardware Co. v. New York, 129 App. Div. 292, 113 N. Y. Supp. 331; Parke v. F. A. T. Co., 120 N. Y. 51, 23 N. E. 996. It may be that plaintiff has a right to recover damages in some amount against the defendant by reason of defendant's failure to comply promptly with its obligation to ship, and its renewed and continued failures in that respect, after its many and repeated promises made from time to time. Such a recovery, however, we cannot adjust upon this record, in case it can be permitted at all.

[3] The theory of the action as indicated by the complaint is a breach of the original contract. That contract was eliminated and extinguished, and a new one substituted therefor. The pleadings do not fit the proofs in this case. There has been a failure of proof on the part of the plaintiff in establishing a breach of contract upon which he has sued. This conclusion dispenses with the necessity of determining the question raised by the defendant as to the effect of the continued and repeated requests for shipment, after breach by defendant. Defendant has insisted that such continued requests from plaintiff were waivers of the time element of this contract. Plaintiff has contended that that defense was not available, through lack of pleading in the answer. However that may be, there is a clear failure of proof of the breach of contract sued upon, and for which a recovery has been allowed.

Our attention has been directed to many findings which we should feel constrained to criticize and in some particulars modify, were it not that this case must be reversed. Such reversal dispenses with that necessity.

The case is reversed, and a new trial ordered herein, with costs to the appellant to abide the event.

LAMBERT, J., not sitting.